UNITED STATES ex rel. DOLENZ v. SHAUGHNESSY.

No. 289, Docket 22758.

United States Court of Appeals
Second Circuit.

Argued June 5, 1953.

Decided Aug. 11, 1953.

Feingold & Falussy, New York City, for appellant; Alfred Feingold, New York City, of counsel; Alfred Reinharz, New York City, on the brief.

J. Edward Lumbard, Jr., U. S. Atty., New York City, for appellee; William J. Sexton, Asst. U. S. Atty., and Lester Friedman, Atty., Immigration and Naturalization Service, New York City, of counsel.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The appellant is an alien who concededly is illegally in the United States and is subject to deportation. After a warrant was issued directing his deportation to Yugoslavia, if that country would accept him, and otherwise to Italy, he was granted an administrative stay to enable him to present before a hearing officer evidence that deportation to Yugoslavia would subject him to physical persecution. On May 21, 1952, the Commissioner of Immigration, as the duly designated delegate of the At-

torney General, reported that "after a review of the facts in this case, I do not find that if this alien is deported to Yugoslavia he would be subjected to physical persecution."[1] This administrative decision was attacked by a writ of habeas corpus issued June 9, 1952. The order which dismissed the writ was affirmed by this court, and certiorari was denied.[2] The order on our mandate was entered April 20, 1953. One week later appellant moved for a rehearing on newly discovered evidence or, in the alternative, that a new writ of habeas corpus be issued. The motion alleged on information and belief (1) that the Commissioner's "order" that the alien would not be subjected to physical persecution "was based upon material outside of the record of the hearing"; (2) that no diplomatic inquiry was addressed to Yugoslavia as is the usual practice when an alien claims he will be subjected to physical persecution if deported to the country named in the warrant; and (3) that the alien has been transferred from Ellis Island to the Federal House of Detention on West Street, which is claimed to be harsh and arbitrary treatment. The case was heard on affidavits. On May 13th the motion was denied, and this order is now before us on appeal.

It may well be doubted whether a motion for rehearing on the ground of newly discovered evidence is an appropriate procedure in a habeas corpus case. There would appear to be no need for it. The doctrine of *res judicata* is inapplicable to writs of habeas corpus, consequently newly discovered facts can be presented by a new petition for a writ without the necessity of obtaining reversal of the order dismissing a prior writ.[3] Assuming *arguendo* that the motion for rehearing was an appropriate procedure, the order denying it, if

1. Section 20 of the Immigration Act of 1917, as amended in 1950, provides, 8 U.S.C.A. § 156: "No alien shall be deported under any provisions of this chapter to any country in which the Attorney General shall find that such alien would be subjected to physical persecution." The Act of February 5, 1917 was repealed by the Immigration and Nationality Act of June 27, 1952. C. 477, Title

IV, § 403(a) (13), 66 Stat. 279. The provision in the last named Act concerning physical persecution appears in 8 U.S.C.A. § 1253(h).

2. United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 200 F.2d 288, certiorari denied 345 U.S. 928, 73 S.Ct. 780.

3. See United States ex rel. Accardi v. Shaughnessy, 2 Cir., 206 F.2d 897.

394

appealable, raises only questions as to the trial court's exercise of discretion.[4] If it be assumed that denial of the requested rehearing is an appealable order, we find no abuse of discretion as will appear from our later discussion.

In any event the appeal brings up for review the denial of the movant's alternative prayer for relief, namely, that a writ of habeas corpus be issued on the basis of new evidence set forth in the motion papers. The appellee calls attention to the fact that there was no compliance with 28 U.S.C.A. § 1914(a), which requires the applicant for a writ of habeas corpus to pay a five dollar filing fee, and Rule 26 of the General Rules of the United States District Court for the Southern District of New York, which requires such fee to be paid in advance. We are not disposed, however, to rest affirmance on so technical a ground. We pass, therefore, to a consideration of the merits.

■■■ The appellant complains that he was denied procedural due process because in deciding that he would not be subjected to physical persecution if deported to Yugoslavia the Commissioner resorted to matters outside the record and used confidential information never disclosed to the appellant. He supports this assertion by quoting a statement made in March 1953 by Robert L. Stern, Acting Solicitor Gen-

eral, regarding this very case.[5] It would seem that this statement must have been before the Supreme Court when it denied the appellant's petition for certiorari. However that may be, we think it clear that use by the Commissioner of confidential information undisclosed to the appellant would not be in violation of procedural due process. The appellee contends, without contradiction by the appellant, that whether the new evidence was such as to require issuance of a writ of habeas corpus must be determined by the statute in force in April 1953, when the relator made his motion.[6] The statute then in force is 8 U.S.C.A. § 1253(h). It reads as follows:

"The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

That section modified the language of the former statute [7] in a manner which shows clearly, we think, that the withholding of deportation in cases where the alien fears persecution rests wholly in the administrative judgment and "opinion" of the Attorney General or his delegate. The courts may not substitute their judgment for his. Doubtless a court might intervene to stay

4. It has frequently been said that denial of a motion for rehearing is not an appealable order. See Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; Klein's Outlet v. Lipton, 2 Cir., 181 F. 2d 713, 714, certiorari denied 340 U.S. 833, 71 S.Ct. 59, 95 L.Ed. 612; United States v. Forzano, 2 Cir., 190 F.2d 687, 689. Cases treating such an order as appealable hold that it can be reversed only for a manifest abuse of discretion. See Jennings v. Murphy, 7 Cir.; 194 F.2d 35, 38; United States v. Forzano, supra; Skinner Mfg. Co. v. Kellogg Sales Co., 8 Cir., 143 F.2d 895, 899–900, certiorari denied 323 U.S. 766, 65 S.Ct. 119, 89 L. Ed. 613.

5. The quoted statement reads as follows: "We are advised by the Commissioner of Immigration and Naturalization that such transcripts, exhibits and the reports of investigators are carefully ex-

amined by persons assigned to this work in the Immigration and Naturalization Service, who also compare and consider any additional information adduced by or concerning the alien in the record of the deportation hearing and any additional information available or, when necessary, obtained from other governmental sources. Obviously, certain of the information and its sources cannot be disclosed. Hence, the undesirability, as well as lack of necessity, of adducing of evidence by the Government at the inquiry."

6. See United States ex rel. Wiczynski v. Shaughnessy, 2 Cir., 185 F.2d 347, 349; United States ex rel. Harisiades v. Shaughnessy, 2 Cir., 187 F.2d 137, 142, affirmed sub nom. Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L. Ed. 586; United States ex rel. Yaris v. Esperdy, 2 Cir., 202 F.2d 109.

7. See note 1, supra.

deportation, if the Attorney General or his delegate should deny the alien any opportunity to present evidence on the subject of persecution or should refuse to consider the evidence presented by the alien.[8] But we see nothing in the statute to suggest that the courts may insist that the Attorney General's opinion be based solely on evidence which is disclosed to the alien.[9] In his official capacity the Attorney General has access to confidential information derived from the State Department or other intelligence services of the Government which may be of great assistance to him in making his decision as to the likelihood of physical persecution of the alien in the country to which he is to be deported. We believe Congress intended the Attorney General to use whatever information he has. To preclude his use of confidential information unless he is willing to disclose it to the alien would defeat this purpose. Moreover, the very nature of the decision he must make concerning what the foreign country is likely to do is a political issue into which the courts should not intrude. As was said in Chicago & Southern Air Lines v. Waterman S.S. Corp., 333 U.S. 103, 111, 68 S.Ct. 431, 436, 92 L.Ed. 568: "But even if courts could require full disclosure, the very nature of executive decisions as to foreign policy is political, not judicial."

▇ The second item of alleged new evidence is the claim that it was general practice of the United States to make diplomatic inquiry of the foreign government as to persecution of the alien if deported. That this was the general practice of the Government was categorically denied. In a single instance a subordinate official made such an inquiry without so far as appears any authorization to do so. Whether a diplomatic inquiry should be addressed to a foreign government is a purely discretionary matter, and in the

absence of proof of a general practice, the contention that the Attorney General acted arbitrarily in not making such an inquiry of Yugoslavia merits no discussion.

▇ The final item of new evidence is the alleged arbitrary transfer of the appellant from Ellis Island to the Federal House of Detention on West Street. That aliens may be legally there detained has been twice decided by this court. United States ex rel. Russo v. Thompson, 2 Cir., 172 F.2d 325; United States ex rel. Russo v. Thompson, 2 Cir., 188 F.2d 244, certiorari denied 341 U.S. 954, 71 S.Ct. 1005, 95 L.Ed. 1376; see also 8 U.S.C.A. § 1252(c).

Order affirmed.

---

8. See United States ex rel. Harisiades v. Shaughnessy, 2 Cir., 187 F.2d 137, 142, affirmed 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586.

9. Indeed, in the prior appeal, 200 F.2d at page 291, we said of the earlier statute: "Congress did not see fit to prescribe

any procedure to be followed by the Attorney General in performing this duty of designation nor make provision for any particular type of review of his action. Judicial review is, consequently, limited to whether the procedure was essentially fair."