**UNITED STATES of America ex rel. Assen NICOLOFF, Petitioner,**

v.

**Edward J. SHAUGHNESSY, District Director of Immigration and Naturalization at the Port of New York, Respondent.**

United States District Court
S. D. New York.
Jan. 9, 1956.

Paul W. Williams, U. S. Atty. N. Y., New York City, for respondent. Harold

J. Raby and Roy Babitt, Asst. U. S. Attys., Attys. for Immigration & Naturalization Service, New York City, of counsel.

Debevoise, Plimpton & McLean, New York City, for relator. Robert B. von-Mehren and Boudinot P. Atterbury, New York City, of counsel.

WALSH, District Judge.

Petitioner seeks relief, by writ of habeas corpus, from an order of the Regional Commissioner of Immigration and Naturalization excluding him from admission to the United States.

Petitioner arrived at the port of New York on December 16, 1955. He was detained by the Immigration and Naturalization Service until December 19, 1955. On that date he was interrogated by an Examining Immigration Officer, who thereafter notified him that he was temporarily excluded under the provisions of Section 235(c) of the Immigration and Nationality Act, 8 U.S.C.A. § 1225(c), and that his application for admission, and any accompanying information he cared to submit within five days, would be referred to the Commissioner of Immigration and Naturalization for final decision. On December 22, 1955 the Acting Regional Commissioner issued a final order of exclusion, reciting:

> "ORDER: Since upon consideration of a report submitted under the provisions of Section 235(c) of the Immigration and Nationality Act, it has been determined upon the basis of reliable but confidential information, the disclosure of which would be prejudicial to the public interest, welfare or safety, that the applicant is inadmissible to the United States under the provisions of Section 212(a) (27) of the Immigration and Nationality Act, IT IS ORDERED that he be excluded and deported without hearing before a special inquiry officer."

On January 3, 1956, without notice to the petitioner, the Acting Regional Commissioner reopened the proceedings to

consider documents which had been submitted in behalf of petitioner on December 22, 1955, and reaffirmed his initial determination.

Petitioner claims that the proceedings resulting in his exclusion violate the due process clause of the Fifth Amendment to the Constitution and Section 6 of the Administrative Procedure Act, 5 U.S.C.A. § 1005 because (1) he was entitled to counsel at the time of his interrogation by the Examining Officer, and in connection with his preparation of material for submission to the Regional Commissioner, and (2) he was not accorded a fair hearing by the Examining Officer, or by the Regional Commissioner, whose final determination was made prior to the expiration of the five-day period allowed petitioner for submission of papers supporting his aplication for admission.

The Supreme Court has held that if the exclusion of an alien, initially seeking admission to the United States, is in accordance with the procedure authorized by Congress, it is due process as far as he is concerned. U. S. ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 544, 70 S.Ct. 309, 94 L.Ed. 317 and Shaughnessy v. U. S. ex rel. Mezei, 345 U.S. 206, 212, 73 S.Ct. 625, 97 L.Ed. 956, reversing United States ex rel. Mezei v. Shaughnessy, 2 Cir., 195 F.2d 964.

■ Petitioner was not entitled to any hearing;[1] neither was he entitled to know the basis for the decision adverse to him. Immigration and Nationality Act, Section 235(c), 8 U.S.C.A. § 1225(c); United States ex rel. Knauff v. Shaughnessy, supra, 338 U.S. 537, 544, 70 S.Ct. 309; see United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 206 F.2d 392, 394. Petitioner was, however, entitled to submit a written statement and accompanying information to the Regional Commissioner[2] before that officer decided whether he was excludable. The original action of the Regional Commissioner excluding petitioner prior to the expiration of the

1. The administrative regulations concerning the inspection of aliens applying for admission require the detention of aliens until admitted or otherwise permitted to land by an officer of the Service. 8 C.F.R. 235.3. With respect to exclusion under Section 325(c), 8 C.F.R. 235.15(a), (c) and (d) provide:

"(a) Report. Any immigration officer who temporarily excludes an alien under the provisions of section 235(c) of the Immigration and Nationality Act [8 U.S.C.A. § 1225(C)] shall report such action promptly to the district director having administrative jurisdiction over the port at which such alien arrived. * * * the report shall be forwarded by the district director to the Commissioner and further action shall be taken thereon as provided in paragraph (c) of this section."

"(c) Action by Commissioner. If the Commissioner is satisfied that the alien is inadmissible to the United States under paragraph (27), (28), or (29) of section 212(a) of the Immigration and Nationality Act [8 U.S.C.A. § 1182(a)] and if the Commissioner, in the exercise of his discretion, concludes that such inadmissibility is based on information of a confidential nature the disclosure of which would be prejudicial to the public interest, safety, or security, he may (1) deny *any* hearing or further hearing by a special inquiry officer and order such alien excluded and deported; or (2) enter such other order in the case as he deems appropriate. In any other case the Commissioner shall direct that the alien be given a hearing or further hearing before a special inquiry officer." (Emphasis supplied.)

"(d) Finality of decision. The decision of the district director or the Commissioner provided for in paragraphs (b) and (c) of this section respectively shall be final and no appeal may be taken therefrom. The decision of the Commissioner shall be in writing, signed by him and, unless it contains confidential matter, a copy shall be served on the alien. If the decision contains confidential matter, a separate order showing only the ultimate disposition of the case shall be signed by the Commissioner and served on the alien."

2. With respect to a proceeding under Section 235(c) the Regional Commissioner is delegated the powers of the Commissioner who in turn is delegated those of the Attorney General. 8 C.F.R. 9.1, 9.5(a), (q).

time allowed him for this purpose was improper. This was not rectified by the reopening of the proceedings without notice to petitioner. Petitioner must be given a fixed time, however short, within which he may submit his statement and accompanying information.

There remains the question of whether petitioner was entitled to counsel, either before the examining immigration officer on his arrival or in the preparation of his statement and information for the Regional Commissioner. It is my conclusion that he was not entitled to counsel at either stage of the proceeding.

The function of the examining immigration officer, under Section 235, is to expedite the landing of aliens free from question by temporarily detaining or excluding those subject to some question. He makes no final decision as to those temporarily detained or excluded. The statute does not contemplate a judicial type hearing before him, nor the right to counsel, nor a duty to advise of such a right. The procedure outlined is a one-sided investigative one with all power in the hands of the immigration officer and with participation by the alien limited to the extent which that officer requires.

In view of the fact that petitioner has now had counsel and that he must have an opportunity to supplement his statement and information before the Regional Commissioner, it may not be necessary to decide whether the statute required that he be permitted to have counsel. Nevertheless a reading of Section 235 and Section 236 together seems to establish conclusively that he had no right to counsel. Under Section 236, after the order of temporary detention or exclusion, most persons are given a hearing before a special inquiry officer. The Administrative Procedure Act has no applicability because Section 236 expressly provides that the sole and exclusive procedure is to be drawn from other sections of the Immigration and Nationality Act and from the regulations of the Attorney General. The legislative history of Section 236 emphatically supports this conclusion. 2 U.S.Code Congressional and Administrative News 1952, p. 1710. Sections 235 and 236 are closely integrated. The procedure under Section 235 was intended to be even less liberal to the alien than that under Section 236. Yet even under Section 236 there was no provision for counsel. That was left to regulations and they expressly provide for counsel under Section 236 but not under Section 235.[3] Under these circumstances it would be inconsistent with the legislative intent expressed as to Section 236 to attempt to apply the Administrative Procedure Act to proceedings under Section 235.

The writ will be sustained unless within two days after service of a copy of this opinion upon the United States Attorney, the Regional Commissioner revokes the order of deportation and fixes a time within which petitioner may supplement his statement and the accompanying information before him. Upon the filing of the affidavit by the United States Attorney that such action has been taken by the Regional Commissioner, the writ shall be dismissed.

---

3. 8 C.F.R. Section 236.11; cf. Section 235.15(c) (e).