**UNITED STATES of America ex rel. Danijel RATKOVIC, Relator,**

v.

**P. A. ESPERDY, District Director, Immigration and Naturalization Service, Department of Justice, New York District, Respondent.**

United States District Court
S. D. New York.
Feb. 29, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for respondent. Roy Babitt, Special Asst. U. S. Atty., New York City, of counsel.

Amerigo D'Agostino, Newark, N. J., for petitioner.

BICKS, District Judge.

Relator, a Yugoslav national and citizen, arrived at our shores on January 17, 1955, as a member of the crew of a Yugoslav vessel. As such a non-immigrant crewman, a pass authorizing him to remain in the United States for a period not to exceed 29 days was issued to him. He overstayed the permissive 29 day period without authority whereupon the appropriate authorities ordered relator to appear for a hearing to determine his deportability. An order was made in that proceeding on January 18, 1957 adjudicating that the relator was deportable.[1] However, relator's application for the privilege of voluntary departure in lieu of deportation was granted. He again omitted to depart. Instead he initiated proceedings under section 243(h) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(h),[2] for a stay of deportation, urging that return to his native land would result in physical persecution. He declined to avail himself of the proffered opportunity for retention and representation by counsel at the hearing set for and held on June 20, 1958 to pass upon the merits of said contention. After hearing relator's proof, the Special Inquiry Officer denied the application. Relator's appeal to the Regional Commissioner from said adverse determination of the Special Inquiry Officer was unsuccessful. Thereafter, and on October 16 and November 18, 1959, the hearing was reopened upon relator's application to afford him opportuntiy to present further evidence in support of his application. Relator was represented by private counsel of his own choosing on both of these occasions. After reviewing the entire record and considering "all available information concerning present conditions in Yugoslavia" the Regional Commissioner denied the application for a stay of deportation. On January 28, 1960 relator brought on the application *sub judice*.

As appears, relator has remained within our borders for five years on a 29 day non-immigrant crewman landing permit. He was afforded a full and fair hearing and review on the issues presented, obtained the assistance of counsel to reopen the hearing on two occasions and introduce additional evidence in support of his claim. Upon all the evidence presented and all available information concerning internal conditions within Yugoslavia the Regional Commissioner denied the application. A further application to the Regional Commissioner to reopen the proceedings for the purpose of presenting still additional proof was denied.

Relator is now before this Court on a petition for a writ of habeas corpus urging due process of law was denied to him, in that a fair hearing and his most recent application for rehearing was denied. We deem this claim to be spurious and but another tactic to extend relator's unlawful stay within the United States. The record demonstrates beyond cavil that relator has been afforded fair

---

1. Indeed, deportability under section 241 (a) (2) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (2), has been conceded.

2. "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason." 8 U.S. C.A. § 1253(h).

and repeated consideration of his application and that the suggestion that due process was denied him is utterly groundless. Under the circumstances this Court may not substitute its judgment for that of the Attorney General's representative. United States ex rel. Moon v. Shaughnessy, 2 Cir., 1954, 218 F.2d 316; United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 1953, 206 F.2d 392; Granado Almeida v. Murff, D.C. S.D.N.Y.1958, 159 F.Supp. 484, 485.

Writ dismissed.