**Stefano SOVICH, Plaintiff,**

v.

**P. A. ESPERDY, as District Director of Immigration and Naturalization Service, New York District, Defendant.**

United States District Court
S. D. New York.
July 13, 1962.

Major & Sintich, New York City (Anton G. Sintich, New York City, of counsel), for plaintiff.

Robert M. Morgenthau, U. S. Atty., for the S. D. of New York, New York City (Roy Babitt, Special Asst. U. S. Atty., of counsel), for defendant.

WEINFELD, District Judge.

The plaintiff brings this action for an order declaring arbitrary and capricious the Attorney General's refusal to stay his deportation to Yugoslavia on the claim of physical persecution pursuant to section 243(h) of the Immigration and Nationality Act.[1]

The defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. upon the ground that there are no genuine issues of fact and that the defendant is entitled to judgment as a matter of law.

The plaintiff, now thirty-seven years of age, was born in a town in Italy which, under a treaty between Italy and the Allied Powers, became a part of Yugoslavia.

Plaintiff entered the United States as a crewman aboard a Panamanian vessel and overstayed his twenty-nine day leave. There is no issue as to the plaintiff's deportability. The basis of his application to the Attorney General that his deportation to Yugoslavia be withheld was he feared physical persecution because of his political and religious views and be-

cause he successfully "escaped" from Yugoslavia; further, that if returned there he would be barred from governmental employment for the same reasons.

The instant declaratory judgment suit rests essentially upon the same grounds and contains allegations that the refusal of the Attorney General's designate to grant the requested relief was the result of preconceived action and is arbitrary and capricious.

[1] Upon a careful review of the transcript of the hearing afforded petitioner, at which he was represented by counsel of his own choice, and of the entire record of the proceedings, it appears that the plaintiff had a fair opportunity to present his application for relief under section 243(h); that the Attorney General's designate, the Regional Commissioner, fairly exercised his discretion,[2] that the order is sufficient on its face; that no errors of law were committed. In sum, that plaintiff was not denied procedural due process.[3]

Plaintiff resided in the town in which he was born from his birth in 1925 until he left Yugoslavia in 1956. His father, mother and sister still live in Yugoslavia. He served in the Yugoslav army as a private for nineteen months in 1948 and 1949. In civilian life he was a fisherman and farmer.

In September 1956, according to his testimony, he went, or as he terms it "escaped," with eleven others to Italy

1. 8 U.S.C.A. § 1253(h).

2. The Attorney General, pursuant to statutory authorization, 8 U.S.C.A. § 1103(a), adopted regulations delegating his authority. In substance, an alien seeking a stay on a claim of physical persecution appeared before a Special Inquiry Officer for interrogation under oath. He was permitted representation by counsel and to submit any evidence in support of his claim. The Special Inquiry Officer prepared a written memorandum of his findings and a recommendation, which was forwarded to a Regional Commissioner with all the evidence offered by the alien. The decision whether to withhold deportation was "finally made by the regional commissioner upon consideration of all the

evidence submitted by the alien and any other pertinent evidence or available information." 8 C.F.R. § 243.3(b) (2) (1958). Effective January 22, 1962, a revised administrative procedure authorizes a special inquiry officer to consider and pass on applications for withholding deportation. 8 C.F.R. § 242.17(c) and (d), and 8 C.F.R. § 242.20 (1962 Supp.).

3. United States ex rel. Leong Choy Moon v. Shaughnessy, 218 F.2d 316 (2d Cir. 1954); United States ex rel. Dolenz v. Shaughnessy, 206 F.2d 392 (2d Cir.1953). See also, Blazina v. Bouchard, 286 F.2d 507 (3d Cir.), cert. denied, 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242 (1961); Chao-Ling Wang v. Pilliod, 285 F.2d 517 (7th Cir.1960).

and was permitted to remain by the Italian authorities as a refugee. After a year he shipped as a seaman aboard a Panamanian vessel and served in that capacity for thirteen months. On one of the trips he was granted shore leave and entered the United States on October 12, 1958, but failed to return to his vessel upon the expiration of his leave and has remained here since. He is employed here as a kitchen helper.

At his hearing before the Special Inquiry Officer he testified that if returned to Yugoslavia he fears he will be jailed because he "escaped" and because he is opposed to Communism. He further testified that he never belonged to the Communist party; was never politically active; never publicly expressed himself against Communism in his town, but privately confided his opposition to friends. He believes that one of them reported him to the authorities and he was warned early in 1956 by a local official to desist from making such utterances and that he did so desist. He admitted that while in Yugoslavia he was never physically harmed or mistreated; was never imprisoned or charged with any crime. The Special Inquiry Officer was of the view that since the plaintiff was not in any way mistreated after his alleged utterances were reported to the authorities, it was reasonable to believe he would not be persecuted therefor upon his return. The Special Inquiry Officer did recognize the likelihood that plaintiff might be subjected to criminal prosecution for illegal departure from Yugoslavia under recognized juridical procedure, but concluded that this was not the physical persecution contemplated by section 243(h). Accordingly, he recommended that the plaintiff's application for a stay of deportation be denied because of failure to establish that he would be subjected to physical persecution if returned to Yugoslavia. The Regional Commissioner, after a review of the record, concurred in the recommendations and denied plaintiff's application.

The administrative power to withhold deportation vested in the Attorney General under section 243(h) is a broad one and, while subject to judicial review, its exercise may not be overturned by the courts except upon a showing that the alien has been denied appropriate procedural due process and fair consideration of his application.[4] The record abundantly establishes that petitioner was afforded a full and fair opportunity to present evidence in support of his application, which he did, and that his various contentions were fully considered; that they failed to persuade the Regional Commissioner to exercise favorably the Attorney General's discretion affords no ground for judicial interference.

The plaintiff presses hard that if returned to Yugoslavia he will be denied government employment. But this matter also was considered by the Regional Commissioner. It appears that at no time while plaintiff was in Yugoslavia was he ever in government employment except for his military service. His regular occupation was that of farmer and fisherman. The asserted likely denial of government employment would not preclude his resumption of those activities in which he had engaged before his departure from Yugoslavia.

Finally, plaintiff seeks to raise an issue of fact as to the place to which he may be deported. He claims that he was born an Italian; that he is a native of Italy and that his deportation to Yugoslavia is therefore improper.

His complaint alleges that he was granted the privilege of voluntary departure to be effected no later than February 2, 1959 and specified Italy as the country to which he was to be deported in the event he was unable to effect his departure within the time granted; that he personally made efforts through the

---

4. United States ex rel. Leong Choy Moon v. Shaughnessy, 218 F.2d 316, 318 (2d Cir.1954); United States ex rel. Dolenz v. Shaughnessy, 206 F.2d 392 (2d Cir. 1953).

Italian Consulate General in New York to be admitted into Italy, but failed to secure admission either there or to some other non-Communist country; that the only country willing to accept him is Yugoslavia, where he refuses to return because of his fear of persecution.

His complaint further alleges that while born in a portion of Italy, when this became by treaty a part of Yugoslavia, he apparently became a citizen of Yugoslavia without any act on his part; that although permitted to opt in order to regain his former Italian citizenship, he never did so.

The Government contends that upon the undisputed facts the issue of what country in fact plaintiff is a citizen is not material, since the Attorney General has complied with the governing statute, section 243(a) of the Act.[5] This section provides that first the alien is given the choice of designating the country to which he prefers to be deported. If that country refuses to accept him or if, next in order, the country of which the alien is a national or citizen will not accept him into its territory, then the Attorney General is given discretionary power to effect deportation to seven alternative places, including "the country in which the place of his birth is situated at the time he is ordered deported" or "any country in which he resided prior to entering the country from which he entered the United States." [6]

The record establishes that inquiry was made of the Consul General of Italy to ascertain whether Italy would accept the plaintiff into its territory in view of the question as to whether or not plaintiff was a citizen of Italy or a citizen of Yugoslavia. In addition, the Attorney General also inquired of the Consul General of Yugoslavia as to whether or not it would accept the plaintiff into its territory. In each instance passport data was submitted to the Consulates setting forth plaintiff's place of birth, the names of his parents, his claim that he was a citizen of no country but was born in a portion of Italy that since has become Yugoslav, and that he possessed an Italian travel document. The Italian Consul General, after communication with the authorities in Italy, advised the Attorney General that "pursuant to investigation conducted by us here and in Italy, it appears that Mr. Stefano Sovich is not an Italian citizen." Subsequently, the Yugoslav government advised that it was prepared to accept plaintiff's deportation.

Under the facts here presented the issue of plaintiff's citizenship is not material. If in fact plaintiff is a citizen of Italy, that country has refused him and Yugoslavia is willing to accept him in its territory. On the other hand, if he is a citizen of Yugoslavia, it has agreed to accept him and the Attorney General's inquiry of Italy was purely gratuitous. If plaintiff is stateless, then the Attorney General has inquired of both Italy and Yugoslavia; the former has refused and the latter has agreed to accept him. Plaintiff himself, as has been shown, acknowledges that in seeking to exercise the privilege of voluntary departure, Italy was the country of his choice, but he was refused admittance. Whether he is a national of Italy or of Yugoslavia, or stateless, it appears the Attorney General has complied with section 243(a) of the Act.[7]

The motion for summary judgment is granted.

---

5. 8 U.S.C.A. § 1253(a).

6. 8 U.S.C.A. §§ 1253(a) (4–5).

7. Cf. United States ex rel. Tie Sing Eng v. Murff, 165 F.Supp. 633 (S.D.N.Y.1958), aff'd sub nom. United States ex rel. Tie Sing Eng v. Esperdy, 266 F.2d 957 (2d Cir.) (Per Curiam), cert. denied, 361 U. S. 840, 80 S.Ct. 73, 4 L.Ed.2d 79 (1959).