**KLEIN'S OUTLET, Inc., et al. v. LIPTON.**

No. 21684.

United States Court of Appeals Second Circuit.

Argued April 10, 1950.

Decided May 1, 1950.

William R. Klein, New York City, for appellants.

Arthur Morris, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

PER CURIAM.

The controlling question is whether the appeal must be dismissed because taken too late. An involuntary petition in bankruptcy was dismissed on March 2, 1948 with reservation of jurisdiction to pass on the accounting of the receiver in bankruptcy, costs and allowances, and disposition of any funds remaining in the receiver's hands. Acting under this reservation, the referee in bankruptcy made a report in July 1949. His report came before the district court for confirmation and, after argument and reargument, was confirmed, as modified, by an order entered September 22, 1949. On October 6th the appellants moved to "resettle" this order. In a memorandum dated November 4th the district judge characterized the motion as one seeking "in effect, a second reargument," and stated: "No reason appears for further consideration of this matter by this Court. The order heretofore made will stand." An order denying the motion was entered November 16, 1949. Notice of appeal was filed on December 22, 1949.

■ Verbally the notice of appeal is from the order of November 16, 1949. Treating it literally would bring up for review only the denial of a resettlement of the prior order. It is obvious that such denial was correct, since in no respect did that order fail to conform to the court's decision. We shall treat the motion, as did the court below, as a motion for reargument. So considered, the appeal must be taken from the original order of September 22nd, not from the order denying the motion for reargument, since the refusal to entertain a motion for reargument, or denial of the motion, if entertained, is not the subject of appeal. Wayne United Gas Co. v. Owens Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557.

■ The time to appeal from a judgment, order or decree of the bankruptcy court is prescribed by section 25 of the Bankruptcy Act, and the maximum time allowed is 40 days. 11 U.S.C.A. § 48. If the time began to run on September 22, 1949, the appeal taken on December 22 was obviously too late; if, however, the time did not begin to run until the motion for reargument was denied on November 16, the appeal was timely. Ever since Brockett v. Brockett, 2 How. 238, 11 L.Ed. 251, it has been settled law that when a motion for reargument is seasonably presented, the time for appeal does not begin to run until the motion is disposed of, if the motion is "entertained" by the court. Denholm & McKay Co. v. Commissioner, 1 Cir., 132 F.2d 243, 247 and cases there cited. On the other hand, "A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, *if the court refuse to entertain it,* does not extend the time for appeal." Wayne United Gas Co. v. Owens Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557. (Italics added). Were this not so, a dissatisfied litigant could indefinitely extend his time for appeal by the simple expedient of filing successive motions for rehearing. On the other hand, after he has moved for a rehearing he is in the embarrassing situation of not knowing whether the court will "entertain" his motion or refuse to "entertain" it. Entertainment of the motion apparently means that the court considers on the merits the grounds for rehearing asserted in the motion. Denholm & McKay Co. v. Commissioner, 1 Cir., 132 F.2d 243, 247. If the court "entertains" the motion, even though it is denied, the time for appeal is extended; if the court refuses to entertain it, the time for appeal is not extended. It is clear from Judge Holtzoff's memorandum opinion that he did not "entertain" the motion. Consequently, under the rule announced by the Supreme Court in the Wayne Gas Co., case, *supra,* the 40 days allowed for appeal from the order of September 22 expired on November 1st. On that date the motion for reargument filed on October 6 was still under advisement by the court. The appellants could not know whether or not the court would "entertain" it. In such a case it would plainly be fair to relax the rule of the Wayne case to the extent of deducting from the time elapsing between the entry of a judgment and the taking of an appeal the

period during which the court holds under advisement the motion for reargument. Whether such a relaxation would be permissible we need not now decide. Even if it were, it would not save the present appeal. The period during which the motion was under advisement, even if such period be deemed to have continued until entry of the order of November 16, was only 41 days. Deducting that period from the 91 days which elapsed between September 22 and the notice of appeal on December 22, would leave 50 days. Under either view the appeal was untimely. Accordingly it must be dismissed. The appellee's motion is granted and the appellants' motion denied.