**A. M. MacNEIL, Petitioner, Appellant,**

v.

**STATE REALTY CO. OF BOSTON, Inc.,**
**Respondent, Appellee.**

No. 5047.

United States Court of Appeals
First Circuit.

Jan. 31, 1956.

A. M. MacNeil, Somerville, Mass., pro se.

Phillip Cowin, Boston, Mass., with whom Sidney J. Kagan, Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

The appellant, on July 22, 1955, filed notice of appeal from two orders of the court below sitting in bankruptcy. One order was dated, and listed on the docket of the District Court as entered, on June 9, 1955, and the other was dated, and listed on the District Court docket as entered, on June 27, 1955. In the first order the District Court dismissed petitions for review of two orders of a referee in bankruptcy which 1) dismissed the appellant's petition to adjudicate the appellee a bankrupt and 2) refused to appoint a receiver to take charge of its property. In the second order the District Court denied a motion filed by the appellant on June 22 asking the Court to vacate its previous order of June 9. Thus, the appellant's notice of appeal was filed 43 and 25 days, respectively, after the dates and recorded entries of the orders from which this appeal was taken.

Based on the foregoing dates, the appellee filed a motion in this court to dismiss the appeal as untimely under § 25, sub. a of the Bankruptcy Act as amended, 66 Stat. 424, 11 U.S.C.A. § 48, sub. a, quoted in the margin.[1]

▮ There is no suggestion that written notice of the orders appealed from were served on the appellant as the aggrieved party. He, therefore, had 40 days from the entry of the orders of the District Court in which to take his appeal to this court. And it is clear that his notice of appeal was not filed until 43 days after the certified date of the entry on the docket of the order of June 9. But the appellant contends in opposition to the appellee's motion to dismiss that the docket entry as to that order is erroneous. He asserts in an affidavit that he examined the records in the office of the clerk of court below on June 14 and at that time there was no record on the docket of the entry of the order

of June 9. Wherefore he contends that in fact that order must have been entered within 40 days of his notice of appeal therefrom.

▮ It may perhaps be that an erroneous entry of the order dated June 9 was made by the clerk of the court below. But we do not consider the affidavit of the appellant standing alone sufficient to outweigh the respect to be accorded in this court to the docket entries certified for appeal by the clerk of the District Court. Perhaps under some circumstances we might give an appellant a further opportunity to support a charge of erroneous entry like the present. But to do so in this case would be but a meaningless gesture for we are convinced that should we reach the merits we would summarily affirm on the opinion of the court below.

The question remains whether the District Court's denial on June 27 of the appellant's motion to vacate the order of June 9 starts the period of time for appeal from that order running anew. We do not think that it does.

The Supreme Court of the United States on January 16, 1939, pursuant to the authority conferred in Rule 81(a)(1), Fed.Rules Civ.Proc. 28 U.S.C.A., promulgated amendments of its General Orders in Bankruptcy effective on February 13, 1939 (see Vol. 305 U.S. 698), to provide in new General Order 36, 11 U.S.C.A. following section 53, that appeals in bankruptcy "shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in civil actions in the courts of the United States, including the Rules of Civil Procedure for the District Courts of the United States." But, if the appellant's motion of June 22 to vacate the District Court's order of June 9 is properly classifiable as a motion under Rule 59 either for a new trial or to alter or amend a judgment, the ten-day limit fixed by the

1. "(a) Appeals under this Act to the United States courts of appeals shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry."

Rule for serving such motions does not apply. The reason for this, as stated in 6 Moore's Federal Practice, 2nd Ed. § 59.04, is "because the short time periods of Rule 59 are substitutes for term time, which formerly limited the power of the trial court over its final judgments in actions at law and suits in equity; and courts of bankruptcy do not have separate terms. Because of this latter fact the bankruptcy court has the power to and may modify or vacate its orders, decrees or judgments upon seasonable application, so long as no intervening rights have become vested in reliance thereon which would be disturbed by the modification or vacation."[2] See also 2 Collier on Bankruptcy (14 Ed. by Moore and Oglebay) § 25.07; Klein's Outlet, Inc. v. Lipton, 2 Cir., 1950, 181 F.2d 713, certiorari denied 340 U.S. 833, 71 S.Ct. 59, 95 L.Ed. 612.

■ It seems to us that the appellant's motion to vacate the District Court's order of June 9, for present purposes at least, is equivalent to and should be given the same effect as, a petition for rehearing praying that the order be vacated and set aside. And the established rule in bankruptcy as to petitions for rehearing is that unless such a petition is "entertained" by the court in the sense of considered on its merits, see Denholm & McKay Co. v. Commissioner, 1 Cir., 1942, 132 F.2d 243, 247, it will not have the effect of extending the time for appeal from the order or judgment which the moving party seeks to have reconsidered and set aside. "A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, if the court refuse to entertain it, does not extend the time for ap-

peal." Wayne United Gas Co. v. Owens-Illinois Glass Co., 1937, 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557; Klein's Outlet, Inc. v. Lipton, supra. See also Bowman v. Loperena, 1940, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177. Since the court below summarily denied the appellant's motion to vacate the order of June 9 without hearing and without amending its memorandum opinion, it is clear that the motion was not "entertained." Hence the motion does not have the effect of extending the time given to the appellant for taking his appeal from the order of June 9, 1955.

■ It is clear that the District Court must be affirmed insofar as its order denying the appellant's motion to vacate is concerned. The granting or denying of such a motion, since it is the equivalent of a petition for rehearing, is discretionary with the District Court. Therefore the District Court's ruling cannot be reversed in the absence of some showing of an abuse of discretion, and no such showing has been made.

This appeal, insofar as the order of June 9, 1955 is concerned, is dismissed. The order of the District Court of June 27, 1955, denying the appellant's motion to vacate the order of June 9, 1955, is affirmed.

MAGRUDER, Chief Judge (dissenting).

I am not prepared at present to join in dismissing the first appeal for lack of jurisdiction.

The judicial act of pronouncing judgment and the entry of the judgment are two different things. See In re Forstner Chain Corp., 1 Cir., 1949, 177 F.2d 572, 576. The time for taking an appeal runs from the date of "entry" of the judgment.

---

2. If the ten-day time limits of Rule 59 should apply, it is clear that the appellant's motion to vacate the District Court's order was untimely for it was filed thirteen days after the entry of the order of June 9. Thus, that motion could not operate under Rule 73(a) to extend the time for appeal from the order of June 9, for Rule 73(a) grants an extension of time for appeal only when a timely motion is made under Rule 59, and the times limited by Rule 59 cannot be extended by the District Court. Rule 6 (b).

Of course, it is conceivable that the clerk might receive a judgment from the court on June 9, and yet not get around to entering it, that is, noting the judgment on the civil docket, until June 14. In such a case, in strict accuracy, the docket entry should show that the judgment was entered on June 14. If the clerk should make a *nunc pro tunc* entry as of June 9, this would cut several days off the appeal time, unless the litigant was entitled to challenge in some appropriate way the accuracy of the entry.

I do not say that such a *nunc pro tunc* entry was made in this case, and no doubt the docket entries, as certified by the clerk of the district court, showing entry of judgment on June 9, have a presumption of regularity and correctness. Yet appellant here has challenged the accuracy of the notation, by filing in this court an affidavit averring that he personally examined the records in the office of the clerk of the district court on June 14, and that at that time there was no record on the docket of the entry of the order of June 9. I think this presents an issue of fact, determining our jurisdiction, which this court is bound to resolve before disposing of the case. It does not seem to me that we can coldly assume that the fact asserted in the affidavit is untrue. It may be that the appeal is in time and that we should dispose of the case on the merits.

Just what our procedure should be in such a situation I am not sure. Perhaps the first thing that we ought to do is to request the clerk of the district court to file a further certificate dealing with the fact asserted in appellant's affidavit. If this certificate should recite that sometimes such entries are made *nunc pro tunc*, but that it is impossible for the clerk, or his deputies, to say whether that occurred in the present case, then I should be inclined to accept as true the statement in appellant's affidavit and proceed to the merits of the appeal. On the other hand, if the clerk should certify that such entries are invariably made on the date that the judgment or order is pronounced, and that June 9 is unquestionably the true date of entry, then maybe we should have some kind of hearing on the issue of fact and make the necessary finding bearing on our jurisdiction.