McKAY, Circuit Judge.
This appeal arises out of a dispute in the bankruptcy courts concerning the priority of liens in two motor homes. The dispositive issue is whether defendant-appellant Citicorp Person-to-Person Financial Center, Inc. timely perfected the appeal.
Timely filing of a notice of appeal is “mandatory and jurisdictional.” Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978). An appeal must be filed within thirty days of the date of the judgment or order appealed from. Fed.R.App.P. 4(a). The district court’s order was filed on April 7, 1982. On April 22,1982, Citicorp filed a petition for rehearing under Bankruptcy Rule 812, which the district court denied in an order, dated May 17, 1982. Citicorp filed its notice of appeal on June 16, 1982, more than two months after the original order. The appeal therefore is untimely unless the filing of the petition under Rule 812 tolled the running of the time for appeal.
Rule 4(a)(4), Fed.R.App.P., provides that, if a timely motion is filed in the district court (i) for judgment under Rule 50(b), (ii) under Rule 52(b) to amend or make additional findings of fact, (iii) under Rule 59 to alter or amend the judgment, or (iv) under Rule 59 for a new trial, “the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.” While the rule does not explicitly mention petitions for rehearing, courts have consistently treated motions for rehearing, for reconsideration, or for reargument as the equivalent of motions to alter or amend the judgment under Rule 59, and have found such motions to extend the time to appeal. See, e.g., Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); Richerson v. Jones, 572 F.2d 89 (3d Cir.1978); Graddy v. Bonsal, 375 F.2d 764, 765 (2d Cir.1967); Vine v. Beneficial Finance Co., 374 F.2d 627, 632 (2d Cir.1967). According to Wright and Miller, “[a]ny kind of motion that draws into question the *516 correctness of the district court judgment is considered to be a motion ‘to alter or amend the judgment’ under Civil Rule 59(e).” Federal Practice and Procedure § 3950 at p. 364 n. 7.
We need not decide whether a petition for rehearing under Rule 812 may be treated as a tolling motion under Rule 4(a)(4),[1] however, since the petition for rehearing in this case was not timely filed. It is clear that, under Rule 4(a)(4), only a timely motion will toll the time for filing an appeal. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264-65, 98 S.Ct. 556, 560-61, 54 L.Ed.2d 521 (1978); Fassler v. Moran, 576 F.2d 1372 (9th Cir.1978).
Prior to the adoption of the bankruptcy rules, the Supreme Court held that a court sitting in bankruptcy has the discretion to entertain a petition for rehearing at any time as long as “no intervening rights will be prejudiced by its action.” Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557 (1937). An appeal from an order granting or denying such a petition was timely if filed within forty days (now thirty days) of the order, even if the petition was not filed within the ten-day limit applicable to motions under Rule 59 in non-bankruptcy cases. MacNeil v. State Realty Co. of Boston, 229 F.2d 358 (1st Cir.1956).
Rule 812, however, explicitly requires that a petition for rehearing be filed within ten days of the judgment or order appealed from. The new rule thus limits the discretion of the courts to entertain bankruptcy appeals and overturns Wayne United Gas. A petition for rehearing under Bankruptcy Rule 812 is timely only if filed within ten days after entry of the judgment of the district court.
The petition for rehearing was filed fifteen days after the district court filed its order. The petition therefore was not timely and, even if the district court entertained the untimely petition, could not toll the running of the time to appeal under Rule 4(a)(4). The time to appeal expired thirty days after the district court entered its order, on May 7, 1982. The notice of appeal, filed on June 16, 1982, was untimely, and this court lacks jurisdiction to hear the appeal. We therefore need not reach the merits of the issues raised on appeal.
APPEAL DISMISSED.

. The Advisory Committee Notes 2 Bankruptcy Rule 812 state that "[t]he filing of a motion for rehearing pursuant to this rule does not terminate the running of the time for filing a notice of appeal from the district court to the court of appeals. See Rule 4(a) of the Federal Rules of Appellate Procedure." We find this comment inexplicable. If the comment is intended to signify that the time for filing appeals is governed by Rule 4(a), and that under Rule 4(a) a petition for rehearing does not toll the time for appeal, it is based on a misreading of Rule 4(a)(4). If, on the other hand, it is meant to indicate that, regardless of whether petitions for rehearing in non-bankruptcy cases toll the time to appeal, petitions in bankruptcy cases should not, the comment is inconsistent both with the rationale of Rule 4(a)(4) and with the treatment of petitions for rehearing in bankruptcy cases prior to the adoption of the bankruptcy rules. See, e.g., Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137-38, 57 S.Ct. 382, 385-86, 81 L.Ed. 557 (1937); Wright v. Lubinko, 515 F.2d 260, 262 n. 2 (9th Cir.1975); MacNeil v. State Realty Co. of Boston, 229 F.2d 358 (1st Cir.1956); Klein's Outlet v. Lipton, 181 F.2d 713 (2d Cir.1950).