GEE, Circuit Judge:
 

 Jurisdiction is the dispositive issue in this case. Federal Rule of Appellate Procedure 4(a) allows a party “30 days after the date of entry of the judgment or order appealed from” to perfect an appeal. The district court order dismissing appellants’ appeals to the district court from bankruptcy court orders was entered on March 28, 1985. Appellants did not file their notice of appeal to this Court until November 18, 1985. Absent some applicable tolling provision, that notice was not timely.
 

 Federal Rule of Appellate Procedure 4(a)(4) provides that the time for filing an appeal to this Court is tolled by a timely motion
 

 (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial.
 

 The only possibly relevant post-judgment motion that appellants filed was a motion to reconsider dismissal of their appeals. Although it is not denominated as one brought under Bankruptcy Rule 8015, that rule governs motions for rehearing after entry of the judgment of the district court and provides that such motions must be filed within 10 days after entry of judgment.. Rule 4(a)(4) does not refer to Bankruptcy Rule 8015, however, hence a Rule 8015 motion does not toll the running of the time within which a notice of appeal must be filed.
 
 See Nat’l City Bank of Cleveland v. 6 & 40 Investment Group, Inc.,
 
 752 F.2d 515, 516 (10th Cir.1985). Moreover, the advisory committee notes to Bankruptcy Rule 8015 expressly provide that “[t]he filing of a motion for rehearing does not toll the time for taking an appeal to the court of appeals from the district court_” 11 U.S.C.A. Bankruptcy Rule 8015. But even if this motion had tolled the running of time for filing notice of appeal, appellants’ motion for reconsideration was not filed until April 15, 1985— more than 10 days after entry of final judgment on March 28. In the context of Fed.R.Civ. P. 59, we have held that such a motion, if untimely, does not toll the appeals period under Fed.R.App. P. 4(a),
 
 Lusted v. San Antonio Ind. Sch. Dist.,
 
 741 F.2d 817, 819 (5th Cir.1984), and such a result would follow here as well.
 

 Lacking jurisdiction to hear today’s case on its merits, we order this appeal
 

 DISMISSED.