EASTERBROOK, Circuit Judge.
 

 The bankruptcy court allowed a claim against X-Cel, Inc., filed by A. Eicoff & Co., a creditor. The district court affirmed most of the bankruptcy court’s decision but remanded for a recalculation of interest. 75 B.R. 781. Within 10 days Eicoff filed a motion for rehearing under Bankruptcy Rule 8015. On the 29th day after the entry of the judgment, before the district court had acted on Eicoff s motion for rehearing, X-Cel filed a notice of appeal. At our request the parties filed memoranda concerning the effect on our jurisdiction of the partial remand, see
 
 In re Riggsby,
 
 745 F.2d 1158 (7th Cir.1984), and the motion for rehearing, see
 
 Charles v. Daley,
 
 799 F.2d 343, 347 (7th Cir.1986).
 

 Rule 8015 permits a disappointed litigant to seek rehearing within 10 days but omits language, comparable to that in Fed.R. App.P. 4(a)(4), suspending the finality of the order while the district court acts on the request. This does not matter, however.
 
 United States v. Dieter,
 
 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), and
 
 United States v. Healy,
 
 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964), hold that timely requests for rehearing automatically suspend the finality of the order (and therefore make an immediate appeal impossible) even if no rule provides for this. As the Court observed in
 
 Dieter,
 
 the district court’s action on a motion for rehearing may eliminate the need for an appeal or clarify the basis of the district court’s action. An appeal while the request for rehearing is pending may be premature, as it will present for appellate review a judgment that may no longer represent the district court’s conclusions. Worse, if the motion for rehearing does not suspend the finality of the judgment, the losing party must 'protect itself by filing an appeal if the court has not acted on the motion within the time limit for appeal; that appeal will deprive the district court of jurisdiction and prevent it from correcting its judgment. So to ensure that the district court has the power to correct its judgment, and that the court of appeals reviews only the district judge’s ultimate conclusions, it is necessary to hold that a timely motion to reconsider makes the judgment non-appealable. The appeal lies only from the order disposing of the request for reconsideration.
 

 What was true in
 
 Dieter
 
 and
 
 Healy
 
 is true here as well. This case illustrates both the operation and the wisdom of
 
 Dieter
 
 and
 
 Healy.
 
 After X-Cel filed its notice of appeal, the district court granted rehearing and affirmed the bankruptcy court in full. It could not have done this if the notice of appeal transferred jurisdiction to this court, and we would have been left to review a decision the district court believes incorrect.
 

 The only obstacle to concluding that a motion under Rule 8015 suspends the finality of the judgment is the Advisory Committee’s comment that “[t]he filing of a motion for rehearing does not toll the time for taking an appeal to the court of appeals”. The Advisory Committee did not cite any authority for this proposition. A court of appeals has jurisdiction only if the judgment is final, and if a motion for rehearing suspends that finality appeal is impossible. Part of the comment is directed to the way Rule 8015 differs from Fed. R.App.P. 4(a)(4), which not only makes the judgment non-final but also vitiates any earlier notice of appeal. The Advisory Committee may have wanted to ensure that a premature notice of appeal under Rule 8015 would take effect once the district court entered a judgment. Cf. Rule 4(a)(2), which provides for this when the notice is filed after announcement of a judgment but before its entry. See also
 
 United States v. Hansen,
 
 795 F.2d 35, 37-38 (7th Cir.1986).
 

 The amendment to Rule 8015 that becomes effective August 1, 1987, suggests something along these lines. The amendment adds the sentence: “If a timely motion for rehearing is filed, the time for appeal to the court of appeals ... shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.” The Advisory Committee’s note to this revision states that the language “ciar-
 
 *194
 
 ifies the effect of the filing of a timely motion for rehearing.” 114 F.R.D. 374 (1987). “Clarifies” rather than “reverses” is the appropriate word. Unless a motion under Rule 8015 suspends the finality of the judgment, the authorization to file the motion is hot air — because the losing party must file a protective notice of appeal that will deprive the district judge of the power to act on the motion. X-Cel was compelled to file such a notice. We do not read the current version of Rule 8015 as self-defeating.
 
 Dieter
 
 establishes that an authorized motion for rehearing suspends the finality of the judgment. This appeal, filed while the motion for rehearing was pending, is premature.
 

 X-Cel has not asked us to treat its notice of appeal as a challenge to the district court’s order on rehearing, so we need not decide whether that would be appropriate. The appeal is dismissed for want of jurisdiction.