**In re SANTA CLAUS PRODUCTIONS, INC. a/k/a Studio 84, Debtor.**

**Appeal of Albert MINTZER, Objectant–Appellant.**

**No. 86 Civ. 8312 (JES).**

United States District Court, S.D. New York.

Nov. 17, 1987.

---

Kensington, James & Ressler, New York City, for appellee; Stuart M. Bernstein, of counsel.

Albert Mintzer, pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

On July 7, 1987, appellant applied to the Court pursuant to Fed.R.App.P. 4(a)(5)[1] for an order extending his time to file a notice of appeal from the Court's order of May 8, 1987, which dismissed his bankruptcy appeal. Although the reason for appellant's failure to file a notice of appeal was not clearly articulated in his *pro se* motion papers, appellant subsequently claimed that he allowed his time to appeal to expire

because he believed his time to appeal ran from June 19, 1987, the date that his motion to reargue was denied. *See* Letter from Albert Mintzer to the Court (July 10, 1987).

Counsel for appellee contended that the pendency of the motion to reargue "is no excuse at all" because appellant's motion, which is governed by Fed.R.Bankr.P. 8015,[2] did not toll the time for taking an appeal. *See* Letter from Stuart M. Bernstein to the Court (July 10, 1987). In support of his position, counsel cited the Advisory Committee Note to Rule 8015, which at that time provided that "[t]he filing of a motion for rehearing does not toll the time for taking an appeal to the court of appeals from the district court...." Counsel also cited the decisions of two circuits rejecting any tolling effect of a Rule 8015 motion. *See Sundale Assoc., Ltd. v. City Nat'l Bank*, 786 F.2d 1456, 1457–58 (11th Cir. 1986); *Cheadle v. Appleatchee Riders Assoc. (In re Lovitt)*, 757 F.2d 1035, 1038–39 (9th Cir.), *cert. denied*, 474 U.S. 849, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985).

In response, appellant wrote to the Court, stating "I think [counsel's] argument that my time to appeal from your May 8th dismissal order expired on June 8th, is correct." *See* Letter from Albert Mintzer to the Court (July 10, 1987). Nevertheless, appellant urged that his default be excused because of his mistake in believing that his thirty days to appeal did not begin running until the motion to reargue was denied.

As appellee correctly noted, two circuits have rejected any tolling effect of a Rule 8015 motion. Nevertheless, other cir-

---

1. Fed.R.App.P. 4(a)(5) provides:
   The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the

   date of entry of the order granting the motion, whichever occurs later.

2. At the time of appellant's motion, Rule 8015 read as follows:
   Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel.
   However, effective August 1, 1987, the rule was amended. *See infra* note 3.

cuits have suggested that a Rule 8015 motion does toll the time to appeal and that the Advisory Committee Note quoted *supra* is incorrect. *See, e.g., In re X–Cel, Inc.,* 823 F.2d 192, 193–94 (7th Cir.1987) (appeal filed while motion for rehearing pending was premature); *National City Bank v. 6 & 40 Investment Group, Inc.,* 752 F.2d 515, 516 n. 1 (10th Cir.1985) (dictum). In any event, Rule 8015 has now been amended, effective August 1, 1987, to specifically provide that "[i]f a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment," [3] and the Court concludes that the amendment is applicable here.[4] Moreover, the previous Note has been superceded by a new Note indicating that the amendment "clarifies" the effect of the filing of a timely motion for rehearing.[5]

 In light of the amendment to Rule 8015 and the accompanying Committee Note, the Court concludes that appellant's time to appeal was indeed tolled by the pending motion to reargue,[6] and that appellant's time to appeal, therefore, did not expire until July 20, 1987.[7] Thus, appellant's time to appeal had not expired when appellant applied to the Court for an order pursuant to Fed.R.App.P. 4(a)(5) excusing his default and extending his time to appeal. Since appellant shared appellee's erroneous view that appellant's time to appeal had expired when appellant filed his Rule 4(a)(5) motion, it seems clear that had appellant been aware of the tolling effect of a Rule 8015 motion when he filed the instant Rule 4(a)(5) motion, he would have filed a notice of appeal instead. In light of appellant's *pro se* status and the widespread confusion concerning the effect of Rule 8015 on a litigant's time to appeal, the Court concludes that appellant has demonstrated excusable neglect or good cause for his failure to file a timely appeal. *Cf. Torockio v. Chamberlain Mfg. Co.,* 56 F.R. D. 82, 87–88 (W.D.Pa.1972) (attorney's erroneous belief that dismissal was not final, appealable order found to constitute excusable neglect), *aff'd,* 474 F.2d 1340 (3d Cir. 1973). Thus, appellant's motion pursuant to Fed.R.App.P. 4(a)(5) is granted, and his time to appeal is extended ten days from the date of this Memorandum Opinion and Order.

It is SO ORDERED.

3. Rule 8015, as amended, now reads as follows:
   Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

4. The amendment is effective August 1, 1987, and governs "all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings in bankruptcy cases then pending." *Communication from the Chief Justice of the United States Transmitting Amendments to the Federal Rules of Bankruptcy Procedure Prescribed by the Court, Pursuant to 28 U.S.C. 2075,* H.R. Doc. No. 54, 100th Cong., 1st Sess. 1 (1987).

5. The Committee Note now reads in full:
   The amendment, which is derived from Rule 8002(b), Rule 4(a)(4) F.R.App.P., and Rule 11.1 Sup.Ct.R., clarifies the effect of the filing of a timely motion for rehearing. If a timely motion is filed, the appeal period to the court of appeals begins to run on the entry of an order denying the motion or the entry of a subsequent judgment.
   The Advisory Committee's use of the word "clarifies" suggests that the previous Committee Note's statement that the filing of a Rule 8015 motion does not toll the time to appeal was in error. *See In re X–Cel, supra,* 823 F.2d at 193–94.

6. Rule 8015 provides that a timely motion for rehearing is one filed within ten days after entry of the judgment of the district court. *See supra* note 3. The order of dismissal, which is an appealable order, constitutes a judgment. *See* Fed.R.Civ.P. 54(a). When the intermediate Saturdays and Sundays are excluded pursuant to Fed.R.Civ.P. 6(a), it is clear that appellant's motion to reargue, which was filed on May 22, 1987, was timely under the applicable rules, and appellee has not argued otherwise.

7. The thirtieth day after June 19, which is July 19, fell on a Sunday. Therefore, appellant's time to appeal did not expire until Monday, July 20. *See* Fed.R.Civ.P. 6(a).