**In re Suresh "C" SHAH, Debtor.**

**FORD MOTOR CREDIT COMPANY, a corporation, Plaintiff–Appellee,**

v.

**Suresh "C" SHAH, Defendant–Appellant.**

**No. 87–2176.**

United States Court of Appeals, Tenth Circuit.

Oct. 24, 1988.

Benjamin P. Knowlton, Salt Lake City, Utah, for defendant-appellant.

Kim R. Wilson and Bryce D. Panzer, of Snow, Christensen & Martineau, Salt Lake City, Utah, for plaintiff-appellee.

Before LOGAN, SEYMOUR and ANDERSON, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court affirming a previous ruling of the bankruptcy court, which declared certain debts exempt from discharge. Apparently counsel did not appear for the district court hearing, and, as a consequence, the appeal was dismissed from the bench.

However, the district court indicated that if there was an overriding reason for counsel's absence, the court would review that reason. Subsequently, the district court entered a written order affirming the judgment of the bankruptcy court. On the following day, July 1, 1987, counsel for debtor filed a "motion for rehearing." Debtor's notice of appeal was filed July 29, 1987. Apparently the district court has taken no action with respect to the "motion for rehearing."

The threshold question is whether this court has appellate jurisdiction. Pivotal to the jurisdictional question is the effect, if any, of the "motion for rehearing" which was filed within ten days of the challenged order. If the July 1 motion affected the finality of the June 30 order from which the appeal was taken, the appeal is premature.

The resolution of the matter hinges on our interpretation of Bankruptcy Rule 8015. Prior to August 1, 1987, Rule 8015 provided:

Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel.

On August 1, 1987, an amendment to Rule 8015 became effective. The amendment adds one sentence.

If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

Generally, a timely request for rehearing automatically suspends the finality of the underlying order. *United States v. Dieter*, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976); *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). Consequently, the appeal period is also automatically tolled until the resolution of the request for rehearing or reconsideration.

Under almost identical circumstances, the Seventh Circuit held that a timely motion for reconsideration suspended the fi-nality and tolled the running of the appeal period. *In re X–Cel, Inc.*, 823 F.2d 192, 193 (7th Cir.1987). In its analysis, the Seventh Circuit cogently pointed out that the August 1 amendment was intended as a *clarification* of existing Rule 8015, as opposed to a reversal of the earlier version of the rule. 823 F.2d at 194.

In *In re X–Cel*, the Seventh Circuit, in recognizing that the Advisory Committee note to the prior version of Rule 8015 states that the filing of a motion for rehearing does not toll the time for taking an appeal, noted:

The Advisory Committee did not cite any authority for this proposition. A court of appeals has jurisdiction only if the judgment is final, and if a motion for rehearing suspends that finality appeal is impossible. Part of the comment is directed to the way Rule 8015 differs from Fed.R.App.P. 4(a)(4), which not only makes the judgment non-final but also vitiates any earlier notice of appeal. The Advisory Committee may have wanted to ensure that a premature notice of appeal under Rule 8015 would take effect once the district court entered judgment.

*Id.* at 193. The court found additional support for this conclusion in the August 1 amendment to Rule 8015, which the Advisory Committee Note calls a "clarification" of the Rule. The *X–Cel* court further reasoned:

Unless a motion under Rule 8015 suspends the finality of the judgment, the authorization to file the motion is hot air—because the losing party must file a protective notice of appeal that will deprive the district judge of the power to act on the motion.... We do not read the current version of Rule 8015 as self-defeating.

*Id.* at 194. *See also United States v. Gargano*, 826 F.2d 610 (7th Cir.1987) (inmate's filing of motion for reconsideration of district court's denial of motion to reduce sentence and motion to vacate sentence nullified appeal filed on same day; court noted similar reasoning in *X–Cel*, describing analysis in both cases as "judicious judicial interpolating").

We acknowledge that there is authority to the contrary. *In re GHR Energy Corp.,* 789 F.2d 1194, 1195 (5th Cir.1986); *In re Sundale Assoc., Ltd.,* 786 F.2d 1456, 1458 (11th Cir.1986); *In re Lovitt,* 757 F.2d 1035, 1038–39 (9th Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985). However, we are persuaded by the analysis of the Seventh Circuit.

This court's decision in *In re No. 6 & 40 Investment Group,* 752 F.2d 515 (10th Cir. 1985), is supportive of the conclusion. While we held we did not need to "decide whether a petition for rehearing under Rule 812 [the predecessor to Rule 8015] may be treated as a tolling motion under Rule 4(a)(4)," we indicated in dictum that we would find that such motion tolls the time for appeal. Addressing the Advisory Committee Note to Rule 812, which stated that a motion for rehearing "does not terminate the running of the time for filing a notice of appeal from the district court to the court of appeals," we noted:

> We find this comment inexplicable. If the comment is intended to signify that the time for filing appeals is governed by Rule 4(a), and that under Rule 4(a) a petition for rehearing does not toll the time for appeal, it is based on a misreading of Rule 4(a)(4). If, on the other hand, it is meant to indicate that, regardless of whether petitions for rehearing in non-bankruptcy cases toll the time to appeal, petitions in bankruptcy cases should not, the comment is inconsistent both with the rationale of Rule 4(a)(4) and with the treatment of petitions for rehearing in bankruptcy cases prior to the adoption of the bankruptcy rules [citations omitted].

*Id.* at 516 n. 1. *See also In re Santa Claus Prods., Inc.,* 81 B.R. 234, 236 and n. 5 (S.D.N.Y.1987) (holding motion to reargue tolled appeal period under Rule 8015, citing *6 & 40 Investment Group, Inc.,* and suggesting Advisory Committee note to previous rule was error).

Further, in this case it makes considerable sense to allow the district court ample opportunity to reconsider the matter. As the Seventh Circuit stated in *In re X–Cel, Inc.:*

[t]he district court's action on a motion for rehearing may eliminate the need for an appeal or clarify the basis of the district court's action. An appeal while the request for rehearing is pending may be premature, as it will present for appellate review the district court's conclusions. Worse, if the motion for rehearing does not suspend the finality of the judgment, the losing party must protect itself by filing an appeal if the court has not acted on the motion within the time limit for appeal; that appeal will deprive the district court of jurisdiction and prevent it from correcting its judgment. So to ensure that the district court has the power to correct its judgment, and that the court of appeals reviews only the district judge's ultimate conclusion, it is necessary to hold that a timely motion to reconsider makes the judgment non-appealable. The appeal lies only from the order disposing of the request for reconsideration.

What was true in *Dieter* and *Healy* is true here as well. This case illustrates both the operation and the wisdom of *Dieter* and *Healy.* After X–Cel filed its notice of appeal, the district court granted rehearing and affirmed the bankruptcy court in full. It could not have done this if the notice of appeal transferred jurisdiction to this court, and we would have been left to review a decision the district court believes incorrect.

823 F.2d at 193.

We therefore conclude that the July 1 motion suspended the finality of the June 30 order and tolled the running of the appeal period prescribed by Fed.R.App.P. 4(a)(1).

The matter is remanded to the district court for consideration of the motion for rehearing, and the appeal is dismissed. At the conclusion of the proceedings in the district court, any party may seek further appellate review by filing a new notice of appeal.

The appeal is DISMISSED.