**In re MELI BORRELLI ASSOCIATES, INC., Debtor.**

**No. 98 Civ. 4987(RMB).**

United States District Court,
S.D. New York.

Aug. 30, 1999.

---

***ORDER***

BERMAN, District Judge.

On July 27, 1999, Andrew B. Graiser, who is the Trustee in Bankruptcy for Meli Borrelli Associates, Inc. (the "Trustee"), filed the instant motion to dismiss this appeal from the U.S. Bankruptcy Court (Burton R. Lifland, J.) filed by the United

States of America (the "Government" or "IRS"). The basis of the Trustee's motion is that the appeal is untimely. **For the reasons set forth below, the Trustee's motion is denied.**

### Background

On June 21, 1994, Meli Borrelli Associates, Inc. (the "Debtor") filed a petition for bankruptcy under Chapter 11 of the Federal Bankruptcy Code. (Grillo Decl. at 2). On January 30, 1998, the Trustee, the Debtor's principals, and several creditors, not, however, including the IRS, jointly moved in the Bankruptcy Court for an order approving a settlement pursuant to Federal Bankruptcy Rule 9019 and dismissing the case pursuant to 11 U.S.C. §§ 1112(b) and 305(a)(1). (Grillo Decl., Ex. 3).

At the close of a hearing held on March 19, 1998, Judge Lifland orally ruled in favor of the proposed settlement as follows:

> THE COURT: So in sum, I do find that settlement is fair and reasonable, and I am cognizant of the objections of the IRS, and they are overruled.
>
> MR. GRILLO [counsel for the Trustee]: Your Honor, on that basis, may I then settle an Order?
>
> THE COURT: Yes.

(Grillo Decl., Ex. 5).

Thereafter, on March 27, 1998, the IRS submitted a Motion for Reargument on the Court's oral ruling March 19, 1998, purportedly responding to certain issues under the New York Lien Law referenced by the Trustee. (Grillo Decl., Ex. 6).

On April 22, 1998, the Bankruptcy Court denied the Government's Motion for Reargument, (Grillo Decl., Ex. 10), and signed an Order Approving Settlement Agreement ("Order"), which was entered on the docket on April 24, 1998, (Grillo Decl., Ex. 11).

On May 4, 1998, the Government filed a Motion to Alter or Amend the Order entered on April 24, 1998, pursuant to Bank-ruptcy Rule 9023 (incorporating Federal Rule of Civil Procedure 59(e)), arguing that certain terms of the Order violated the Federal Anti–Injunction Act, 26 U.S.C. § 7421. (Grillo Decl., Ex. 12).

The Bankruptcy Court disposed of the Government's May 4, 1998 motion with a "Memo Endorsement," entered on the docket on May 29, 1998, stating: "This court has previously ruled on this matter . . . and accordingly, refuses to entertain any further applications relating to this matter." (Grillo Decl., Ex. 2). On the same day (*i.e.*, May 29, 1998), the Government filed a Notice of Appeal to this Court. (Grillo Decl., Ex. 13).

The Trustee here argues that the Government's appeal is untimely because it was not filed within ten days of April 24, 1998, *i.e.* the Trustee's position is that it was filed 25 days too late.

### Analysis

■ Timely appeal of a bankruptcy court judgment or order is a prerequisite to subject-matter jurisdiction in the District Court. *See In re Emergency Beacon Corp.*, 666 F.2d 754, 758 (2d Cir.1981).

■ Bankruptcy Rule 8002(a) permits a party to file a notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Bankruptcy Rule 8002(b) adds, however, the following: "[i]f a timely motion is filed in the bankruptcy court by any party . . . under Rule 9023 to alter or amend the judgment . . . the time for appeal for all parties shall run from the entry of the order . . . granting or denying . . . such motion."

Under the plain language of these provisions, the Government's notice of appeal appears to be timely, i.e. because it was filed within 10 days of the Bankruptcy Court's May 29, 1998 order which denied the Government's motion to alter or amend the judgment. However, the Trustee claims that where a motion to alter or amend is "denied on the grounds that the court will not entertain such motion, the

time to appeal will run from the original order, rather than the order disposing of the motion," citing *Klein's Outlet v. Lipton,* 181 F.2d 713 (2d Cir.1950), *cert. denied,* 340 U.S. 833, 71 S.Ct. 59, 95 L.Ed. 612 (1950). (Memo. of Law in Support of Motion to Dismiss at 10).

*Klein's Outlet* involved an appeal from a bankruptcy court order confirming the report of a bankruptcy referee. Fourteen days after entry of the order, and well within the (forty day) period provided for appeal, the appellants filed a motion to "resettle" the order. *See Klein's Outlet,* 181 F.2d at 714. Fifty-five days after entry of the original order, the district judge denied the motion to resettle finding that it was, in effect, a second reargument and there was "[n]o reason ... for further consideration." *See id.* Thirty-six days after denial of their motion, the appellants filed an appeal. *See id.* Appellants argued that the appeal was timely since, they believed, the statutory (40 day) period commenced at the time of the denial of appellants' motion to resettle. The United States Court of Appeals for the Second Circuit disagreed; it held that because the bankruptcy court had refused to "entertain" the motion to resettle, (*i.e.* to "consider on the merits the grounds for rehearing asserted in the motion"), the time for appeal from the order confirming the referee's report had not been tolled. *See id.*

The Government here points out that *Klein's Outlet* significantly predated the adoption of Rule 8002(b) and that the Trustee's submissions in the instant matter fail to identify any comparable authority construing Rule 8002(b). (Memo. in Opposition to Motion to Dismiss at 6–7). This Court agrees that Rule 8002(b) rather than *Klein's Outlet* is controlling here. That is, the Government's Rule 9023 motion, which was filed after the Order was settled, tolled the Government's time to appeal until the motion was decided.

■ Even assuming that *Klein's Outlet* applied here, the Government's appeal is still timely. In the words of the *Klein's*

*Outlet* court, "it would plainly be fair to relax the rule ... to the extent of deducting from the time elapsing between the entry of a judgment and the taking of an appeal the period during which the court holds under advisement the motion for reargument." *Klein's Outlet,* 181 F.2d at 714. Applying this principle to the case at bar, if the time between the Government's filing on May 4, 1998 and the Bankruptcy Court's resolution of the motion on May 29, 1998 were "deducted", the appeal would be timely.

■ Here, the Trustee also argues that the Government's appeal is untimely under the "rule" that only the first of successive post judgment motions for reconsideration tolls the statutory period for appeal. *See Glinka v. Maytag Corp.,* 90 F.3d 72 (2d Cir.1996) (concluding that the plaintiff's motion for reconsideration of the denial of his post judgment motion for a new trial did not toll the statutory period for appeal under Federal Rule of Appellate Procedure 4(a)); *Stangel v. United States,* 68 F.3d 857 (5th Cir.1995) (holding that successive motions for reconsideration of a final bankruptcy court judgment cannot repeatedly extend the appeals period under Bankruptcy Rule 8002(b)).

*Glinka* is inapposite to the circumstances at bar. The Government's March 27, 1998 Motion for Reargument was not a motion for reconsideration of a final judgment since no (final) judgment had yet been entered. Additionally, it was made on substantially different legal grounds (*i.e.* New York Lien Law) from the Government's May 4, 1999 Motion to Alter or Amend which was based on the Federal Anti–Injunction Act. The Bankruptcy Court's March 19, 1998 ruling, excerpted above, clearly evinces the Court's intention to confirm the particulars of a final order at a (future) later date. *See Pegasus Agency v. Grammatikakis,* 101 F.3d 882, 885 (2d Cir.1996) ("[a] bankruptcy judge's order is final if it 'completely resolve[s] all of the issues pertaining to a discrete

claim . . . .' ") (citation omitted). Only after the Bankruptcy Court's written Order was entered on April 24, 1998 did the appeals period commence. Thus, the Government's Motion to Alter or Amend was its first (*i.e.* not its second) post judgment motion.

## CONCLUSION

Based on the foregoing, the Trustee's Motion to Dismiss the Government's Appeal is denied. The parties are directed *jointly* to submit a proposed briefing schedule on the merits of the appeal within ten days hereof.