913 F.2d 814
 In re Luis ATENCIO; Francis Atencio, doing business as El
Paragua and Las Brazas Restaurants, Debtors,
Luis Atencio; Francis Atencio, Appellants,
In re John D. Phillips, Trustee and Real Party in Interest,
In re El Pueblo State Bank, Movant-Appellee.
 No. 90-2087.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 27, 1990.
 
 Lorenzo E. Atencio, Espanola, N.M., for debtors-appellants.
 John D. Phillips and Larry Heyeck, of Keleher & McLeod, P.A., Albuquerque, N.M., for the trustee.
 Ernest E. Valdez, of Valdez & Read, Santa Fe, N.M., and Robert A. Bassett and Martin R. Esquivel, of Montgomery & Andrews, P.A., Albuquerque, N.M., for movant-appellee.
 Before BALDOCK, BRORBY and EBEL, Circuit Judges.*
 BALDOCK, Circuit Judge.
 
 
 1
 Debtors appeal from a district court order denying their motion for a stay pending appeal. See Bankr.R. 8005 (stay pending appeal). Still pending in the district court is a motion for rehearing concerning that denial. See Bankr.R. 8015, but see D.N.M. R. 9(a)(7) (Jan. 26, 1990) (purporting to eliminate motions for rehearing unless district judge grants leave to file in the order entered on appeal). The requested stay pertains to the debtors' pending appeal to the district court of the bankruptcy court's order modifying the automatic stay and appointing a trustee. See 11 U.S.C. Sec. 362(d)(1) (relief from automatic stay may be granted for cause) & Sec. 1104(a)(1) (trustee may be appointed for cause).
 
 
 2
 Debtors claim that we have jurisdiction to consider this appeal under 28 U.S.C. Sec. 1292(a). The bank and the trustee contend that the exclusive jurisdictional statute for bankruptcy appeals is 28 U.S.C. Sec. 158, and rely upon Teleport Oil Co. v. Security Pac. Nat'l Bank (In re Teleport Oil Co.), 759 F.2d 1376, 1378 (9th Cir.1985). In Teleport Oil, the district court, acting as an appellate court under Sec. 158(a), denied a stay of the bankruptcy court's order appointing a trustee. The debtor appealed that denial to the court of appeals which held, inter alia, that Sec. 158(d) is the exclusive basis of jurisdiction for bankruptcy appeals to the courts of appeals; Secs. 1291 and 1292 are inapplicable. Teleport, 759 F.2d at 1378.
 
 
 3
 Applying Teleport, we would dismiss the appeal. However, this court's decision in Teton Exploration Drilling v. Bokum Resources, 818 F.2d 1521, 1524 (10th Cir.1987), gives us pause. See United States v. Spedalieri, 910 F.2d 707, 710 n. 3 (10th Cir.1990) (a panel may not overrule circuit precedent). In Teton, a divided panel declined to follow Teleport, reasoning that if Sec. 158(d) were the exclusive means of jurisdiction over bankruptcy appeals, the court of appeals would lack jurisdiction when the district court enters orders in bankruptcy proceedings pursuant to 28 U.S.C. Sec. 157(c)(1). Under Sec. 157(c)(1), the district court exercises bankruptcy trial court jurisdiction and conducts a de novo review of the bankruptcy court's proposed findings and conclusions, and objections thereto by the parties. Teton, 818 F.2d at 1524 n. 2. We recently noted that Teton may be confined to instances in which the district court exercises original bankruptcy jurisdiction, rather than appellate jurisdiction under Sec. 158(a). Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.), 911 F.2d 380, 386 n. 4 (10th Cir.1990).
 
 
 4
 Several courts have criticized the broad statement in Teleport that Sec. 158(d) is the exclusive source of jurisdiction over bankruptcy appeals. Such a rule would deprive the court of appeals of jurisdiction to review final district court orders when the district court acts other than in its appellate function, see Sec. 158(a), for instance when the district court acts as a bankruptcy trial court. See River Prod. Co. v. Webb (In re Topco), 894 F.2d 727, 734-37 (holding that Sec. 1291 and Sec. 158(d) apply when district court acts as bankruptcy appellate court; Sec. 1291 applies when district court acts as bankruptcy trial court); Benny v. England (In re Benny), 791 F.2d 712, 717-18 (9th Cir.1986) (holding that Sec. 1291 applies when district court acts other than in its appellate function); Kelley v. Nodine (In re Salem Mortgage), 783 F.2d 626, 632 (6th Cir.1986) (holding that Sec. 158 is not exclusive basis of jurisdiction to review district court bankruptcy orders; Sec. 1291 applies regardless of whether a referral has been made to the bankruptcy court); see also In re Amatex Corp., 755 F.2d 1034, 1038 (3rd Cir.1985) (Sec. 1291 provides the basis for appellate review when district court acts in its original jurisdiction); Hialeah Hosp. v. Dep't of Health & Rehabilitative Servs. (In re King Mem. Hosp.), 767 F.2d 1508, 1510 (11th Cir.1985) (Sec. 1291 and Sec. 158 used to analyze jurisdiction from district court acting in bankruptcy appellate function).
 
 
 5
 Despite other criticism of Teleport, and mindful of our responsibility to follow circuit precedent, we believe Teleport's conclusion narrowly confined to its facts is still good law. See Kaiser Steel, 911 F.2d 380, 386 (citing Teleport for proposition that Sec. 1292 does not supplement Sec. 158(d) jurisdiction). When a district court, acting in its appellate capacity, denies a stay of a bankruptcy order pending appeal, the court of appeals lacks jurisdiction to review that interlocutory order under Sec. 1292(a). Teleport, 759 F.2d at 1378. Accord Topco, 894 F.2d at 735-36 n. 12 & 737; In re First South Sav. Ass'n, 820 F.2d 700, 708-09 (5th Cir.1987); Nat'l Bank Commerce v. Barrier (In re Barrier), 776 F.2d 1298, 1299-1300 (5th Cir.1985). We have reached the same conclusion when a district court, acting in its appellate capacity, certified an interlocutory order for review by this court under Sec. 1292(b). Kaiser Steel, 911 F.2d 380, 385-86 (holding that Sec. 158(d) precludes an interlocutory appeal to this court under Sec. 1292(b) when the district court acts as a bankruptcy appellate court). The denial of a stay by the district court is interlocutory and cannot be reviewed under Sec. 158(d).[1] Topco, 894 F.2d at 736 n. 12. An aggrieved party is limited to the remedy of seeking mandamus in the court of appeals, with its requirement that the movant's right to relief be "clear and indisputable,"[2] see Mallard v. United States Dist. Ct., 490 U.S. 296, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989); Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35-36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam); Kaiser Steel, 911 F.2d 380, 387-88; Dalton v. United States (In re Dalton), 733 F.2d 710, 715-18 (10th Cir.1984), cert. dismissed, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985), under the All Writs Act, 28 U.S.C. Sec. 1651(a). See Topco, 894 F.2d at 736 n. 12; First South, 820 F.2d at 708-09; Barrier, 776 F.2d at 1299; Teleport, 759 F.2d at 1378. Our determination that we lack jurisdiction in these circumstances is consistent with this circuit's traditional, rather than more flexible, approach to finality, even in the bankruptcy context. See Kaiser Steel, 911 F.2d 380, 386-87; State Bank v. Anderson (In re Bucyrus Grain Co.), 905 F.2d 1362, 1365-66 (10th Cir.1990); Magic Circle Energy 1981-A Drilling Program (In re Magic Circle Energy Corp.), 889 F.2d 950, 953 (10th Cir.1989); Homa Ltd. v. Stone (In re Commercial Contractors, Inc.), 771 F.2d 1373, 1375 (10th Cir.1985); First Bank v. Albuquerque Nat'l Bank (In re Glover, Inc.), 697 F.2d 907, 909-10 (10th Cir.1983).
 
 
 6
 APPEAL DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [1]
 Likewise, when the district court, acting in its original jurisdiction, grants or denies a petition for a writ of mandamus or prohibition directed to the bankruptcy court, an interlocutory appeal to this court normally is unavailable. Kaiser Steel, 911 F.2d 380, 386-87 (10th Cir.1990); Magic Circle Energy 1981-A Drilling Program (In re Magic Circle Energy Corp.), 889 F.2d 950, 953-54 (10th Cir.1989)
 
 
 [2]
 Even if we construed this appeal as a petition for a writ of mandamus, the debtors have not met this difficult standard and would not be entitled to relief under the nonconclusive guidelines for issuance of the writ contained in Dalton v. United States (In re Dalton), 733 F.2d 710, 717 (10th Cir.1984), cert. dismissed, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985). See Kaiser Steel, 911 F.2d 380, 387 (construing request for appellate review as a petition for writ of mandamus and relying upon Dalton guidelines). The district court's denial of the stay is anchored in factual determinations made by the bankruptcy court; it cannot be said that the district court abused its discretion and that the debtors' right to relief is clear and indisputable