923 F.2d 154
 Bankr. L. Rep. P 73,799
In re John Ercy WILKINSON, Debtor.
BURGER KING CORPORATION, Appellant/Cross-Appellee,
v.
John Ercy WILKINSON, Appellee/Cross-Appellant.
 Nos. 89-3095, 89-3118.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 15, 1991.
 
 Justice B. King of Fisher, Patterson, Saylor & Smith, Topeka, Kan., and Scott Alan Orth of Hall, Poller and O'Brien, Miami, Fla., for appellant/cross-appellee.
 John E. Wilkinson, Topeka, Kan., pro se.
 Before MOORE and BALDOCK, Circuit Judges, and ANDERSON, District Judge.*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This matter arises from bankruptcy proceedings instituted in 1985 by John Ercy Wilkinson.[1] In this latest phase, after the bankruptcy court converted Mr. Wilkinson's petition under Chapter 11 to a Chapter 7 case, Burger King filed a complaint to determine the dischargeability of its debt under 11 U.S.C. Secs. 523(a)(2)(A), 523(a)(4), and 523(a)(6).[2] On March 23, 1988, Mr. Wilkinson moved to dismiss Burger King's amended complaint, and the bankruptcy court set the matter for a hearing on May 2, 1988. On April 28, 1988, relying on a local rule, Mr. Wilkinson submitted an ex parte order sustaining his motion to dismiss on the ground that Burger King had failed to file a written response to the initial motion to dismiss within twenty days as required by the local rules. Consequently, the bankruptcy court signed the order, and Burger King's complaint was dismissed as a sanction for its failure to abide by the local rule.[3]
 
 
 3
 Burger King then timely appealed to the district court. After an adverse ruling, Burger King attempted to file a motion in the district court to alter or amend the judgment and for reconsideration ostensibly under Fed.R.Civ.P. 59(e). However, Burger King later learned that Local Rule 710(a)(8)[4] eliminated motions for rehearing in bankruptcy proceedings "unless the district judge shall grant leave to file a motion for rehearing." Burger King then filed a motion for an order granting leave to file a motion for rehearing. Covering yet another base, Burger King filed its Notice of Appeal to this court. Two weeks later, the district court denied Burger King's motion for leave to file a motion for rehearing under Local Rule 710(a)(8) and struck from the record the earlier motion to alter or amend.
 
 
 4
 The result of the district court's application of the local rule frustrates our jurisdiction. Moreover, the local rule constitutes an impermissible alteration of the rules of appellate procedure.
 
 
 5
 Under 28 U.S.C. Sec. 2075, the Supreme Court is given "the power to prescribe" bankruptcy rules of practice and procedure which "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. Sec. 2075. While Fed.R.Bankr.P. 8015 permits some discretion in setting time limits for filing a motion for rehearing,[5] Local Rule 710(a)(8) substantively alters the right itself, giving the district court discretion to decide whether a motion is permitted at all. Clearly, the local rule is inconsistent with the bankruptcy rules and is invalid.[6] Fed.R.Bankr.P. 9029; see Morrissey v. Arnold, 717 F.2d 100, 104-05 (3d Cir.1983) (local rule permitting magistrate to hear bankruptcy appeal violates 28 U.S.C. Sec. 1334(c) and is invalid).
 
 
 6
 The district court's imposition of the invalid local rule proscribing the motion for rehearing effectively frustrates our jurisdiction. By virtue of the provisions of Fed.R.App.P. 6(b)(2)(i) and 4(a)(4), notices to alter or amend judgment stay the time for appeal to this court. Thus, whether Burger King had proceeded under either Fed.R.Civ.P. 59(e) or Fed.R.Bankr.P. 8015, the time for appeal has not yet run in the district court. Moreover, Rule 4(a)(4), made applicable in bankruptcy proceedings by Fed.R.App.P. 6(b)(1)(i), provides that a notice of appeal filed before disposition of a Rule 59(e) or Rule 8015 motion "shall have no effect."
 
 
 7
 Consequently, the notice of appeal filed by Burger King is invalid, and this appeal is premature. We are without jurisdiction under Fed.R.App.P. 4(a)(4). In re Shah, 859 F.2d 1463 (10th Cir.1988) (per curiam).
 
 
 8
 The appeal is dismissed.[7] We remand the case for the district court to rule on the merits of Burger King's motion under Fed.R.Civ.P. 59(e).
 
 
 9
 DISMISSED.
 
 
 
 *
 Honorable Aldon J. Anderson, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 [1]
 At that time, separate petitions for relief under Chapter 11 were filed by Mr. Wilkinson, Marianne Wilkinson, and Burger King of Kansas, Inc.; however, only Mr. Wilkinson is involved in this appeal
 
 
 [2]
 The bankruptcy court noted the complaint was filed on the last day set for filing complaints under Sec. 523
 
 
 [3]
 In signing the order, the bankruptcy court cited the many errors and abuses "that date back through the main bankruptcy case ... The parties have been waging a bitter battle over a BK [Burger King] franchise dating back to 1985 ... Each side has abused this Court's local rules time after time and has sorely tested this judge's patience."
 
 
 [4]
 Effective January 1, 1989, the local rules were revised. Local Rule 810(a)(8), in effect when Burger King sought rehearing, was redesignated Local Rule 710(a)(8) although the provisions remain identical. However, we shall refer to the rule as Local Rule 710(a)(8) in this opinion to avoid confusion
 
 
 [5]
 Fed.R.Bankr.P. 8015 states:
 Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.
 
 
 [6]
 A similar local rule eliminating motions for rehearing was questioned in In re Atencio, 913 F.2d 814 (10th Cir.1990)
 
 
 [7]
 Given this disposition, Mr. Wilkinson's appeal under Fed.R.App.P. 4(a)(3) is also dismissed