930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
PEARL'S TEXAS JOINT VENTURE, NO. 1, Appellant,
v.
Paul SIEKEL, Plaza Partners Joint Venture, Appellees.
 No. 90-6405.
 United States Court of Appeals, Tenth Circuit.
 April 2, 1991.
 
 Before MCKAY, BALDOCK and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is taken from an order of the United States District Court for the Western District of Oklahoma reversing and remanding an order of the bankruptcy court which confirmed an amended plan of reorganization and further enjoined an unsecured amended plan of reorganization and further enjoined an unsecured creditor of the debtor from pursuing its (the creditor's) claims against nondebtor guarantors after the confirmation of the plan. The district court determined that the injunction violated 11 U.S.C. Sec. 524(e), which states: "(e) Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.".
 
 
 3
 The district court then reversed and remanded the case "for further proceedings consistent with this (the court's) opinion." We earlier directed the appellant to show cause why the appeal should not be dismissed for lack of jurisdiction in light of this court's decisions in In re Kaiser Steel, 911 F.2d 380 (10th Cir.1990); In re Atencio, 913 F.2d 814 (10th Cir.1990); and In re Magic Circle Energy Corp., 889 F.2d 950, 954 (10th Cir.1989).
 
 
 4
 In Kaiser Steel, we determined that our jurisdiction to review district court's orders entered under 28 U.S.C. Sec. 158(a) (the district court's appellate review of jurisdiction over bankruptcy court orders) rests exclusively under section 158(d). Kaiser Steel, 911 F.2d at 386. These sections read as follows:
 
 
 5
 (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving. ....
 
 
 6
 (Emphasis added).
 
 
 7
 The order at issue in Kaiser Steel was clearly interlocutory, and in fact had been certified to this court under 28 U.S.C. Sec. 1292(b). Likewise, in In re Atencio, we determined that a district court's order denying a stay pending appeal to that court of a bankruptcy court order is not final for purposes of section 158(d); in In re Magic Circle Energy Corp., we held that denial of an application for writ of prohibition was not an adjudication on the merits constituting a final order. The court in Magic Circle also expressly considered the denial of the writ as a remand to the district court. In re Magic Circle, 889 F.2d at 954 (viewed this way and in light of court's opinions in In re Commercial Contractors, Inc., 771 F.2d 1373 (10th Cir.1985) and In re Glover, 697 F.2d 907 (10th Cir.1983), an order remanding a matter to the bankruptcy court is nonfinal). See also In re O'Connor, 808 F.2d 1393, 1395 n. 1 (10th Cir.1987) (order of district court reversing bankruptcy court order is final unless district court remands case for " 'further significant proceedings.' "
 
 
 8
 Nor is our recent decision in Eddleman v. Department of Labor, 923 F.2d 782 (10th Cir.1991) to the contrary. In Eddleman, we held that a district court order affirming a bankruptcy court's application of the Bankruptcy Code's automatic stay provisions to the Department of Labor was final under section 158(d). Id. at 784. Because the district court's order upholding debtor's application for the stay also remanded the matter for consideration of the damages issue also raised by the debtors in the adversary proceeding, this court further considered whether the district court's order was final and appealable despite the remanded issues. Id. at 786.
 
 
 9
 What is required is that a discrete dispute within a bankruptcy case "comes to this court in a posture which satisfies 'traditional' finality principles." Id. at 786 n. 7. Because Congress did not intend regulatory actions to be subject to the stay, we held that governmental exemption from the stay is analogous to governmental immunity. Thus, "an order applying the automatic stay to a government police or regulatory action is immediately appealable under the collateral order exception, as applied in Mitchell v. Forsyth, 472 U.S. 511 (1985)." Id. at 787. We then determined that the collateral order exceptions to the finality rule as set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), were satisfied in the case.
 
 
 10
 This case does not present the issues addressed in Eddleman. Here, the purpose of the remand was to reenter an order confirming the debtor's plan of reorganization which is not in violation of 11 U.S.C. Sec. 524(e). The bankruptcy court may simply be able to reenter the order sans the injunction, or it may be forced to do a substantial refashioning of the plan. Thus, we cannot say that the anticipated proceedings in the bankruptcy court are insubstantial. For this reason, the district court order is a traditionally nonfinal order which is not immediately appealable. Accordingly, we lack jurisdiction over this appeal, and the appeal is DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3