PAUL J. KELLY, Jr., Circuit Judge.
Mohawk Tire and Rubber (Mohawk) appeals the district court’s order affirming the bankruptcy court’s dismissal of its claims against Otasco and Ameritrust on collateral estoppel grounds. After the district court issued its order, Mohawk filed a timely motion for rehearing pursuant to Bankr.R. 8015. Ameritrust then successfully moved to strike the motion, based on a local rule in the Northern District of Oklahoma purporting to eliminate the filing of motions for rehearing without leave of the district court.[1] The local rule on which the district court relied not only frustrates our jurisdiction, but it is also invalid. See In re Wilkinson (Burger King Corp. v. Wilkinson), 923 F.2d 154, 155 (10th Cir.1991), on remand 1991 WL 49726, *3 n. 3 (D.Kan.1991) (reporting that local rule had been withdrawn); In re Atencio, 913 F.2d 814 (10th Cir.1990). Because the district court neither entered an order denying rehearing or a subsequent judgment in response to Mohawk’s motion for rehearing, the time for appeal has not begin to run and the notice of appeal filed by Mohawk is without effect. See Bankr.R. 8015; Fed.R.App.P. 4 & 6(b)(2)(i); Wilkinson, 923 F.2d at 156; In re Shah (Ford Motor Credit Co. v. Shah), 859 F.2d 1463, 1465 (10th Cir.1988). Ameritrust, having successfully moved to strike Mohawk’s motion for rehearing in June 1992 (Wilkinson was decided in January 1991), now requests that we construe the order *1168 striking the motion as a denial of the motion “so that this appeal may proceed and be resolved without further delay.” While Ameritrust’s recent position would probably be more efficient, a valid notice of appeal is lacking, thereby depriving us of jurisdiction. See In re Shah, 859 F.2d at 1465. Accordingly, the case must be remanded to the district court for a ruling on the motion to reconsider.
DISMISSED.

. Local Rule B-10(a)(8) of the District Court Rules for Bankruptcy Practice and Procedure in the Northern District of Oklahoma provided:
Motion for Rehearing Eliminated. Bankruptcy Rule 8015 shall not be applicable in this District unless the District Judge shall grant leave to file a motion for rehearing in the order entered on appeal.