**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dracy lamont McKNEELY,**
**Defendant–Appellant.**

**No. 01–1231.**

United States Court of Appeals,
Tenth Circuit.

April 17, 2002.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.

_____

ORDER AND JUDGMENT [*]

PAUL KELLY, Jr., Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Dracy Lamont McKneely was convicted by a jury of aiding and abetting the distribution of cocaine base and was sentenced to life imprisonment. Representing himself, he appeals from the denial of his motion for habeas relief under 28 U.S.C. § 2255.

The district court thoroughly reviewed defendant's timely motions and untimely supplements and amendments. The court determined that defendant's initial claims were either without merit or were procedurally barred. The court determined that two of the claims raised in defendant's untimely supplements and amendments did not insert new theories into the case and could relate back to a timely filed motion, but they were without merit. The court held that the other claims raised in defendant's supplements and amendments inserted new theories into the case, could not relate back to a timely filed motion, and required this court's consent before they could be pursued in a second or successive petition. The court denied defendant's motions to amend as to his new claims, denied habeas relief on his other claims, and denied defendant's request for a certificate of appealability (COA). Defendant renews his request for a COA in this court. To obtain it, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In one of his untimely supplements, defendant asserted that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the government was required to prove to the jury beyond a reasonable doubt the quantity of drugs which formed the basis of his sentence. Defendant argues on appeal that his supplemental filings related back to his original § 2255 motion and his *Apprendi* claim was therefore timely. We have carefully reviewed the district court's decision in light of defendant's brief and the record on appeal. We find no error. For substantially the same reasons as those given by the district court, the application for a certificate of appealability is denied as to defendant's argument that he should have been allowed to amend his § 2255 motion to add his *Apprendi* claim.

Defendant does not request permission from this court to file a second or successive petition to bring his *Apprendi* claim. Even if he were to do so, we would deny the request. *See Browning v. United States*, 241 F.3d 1262 (10th Cir.2001).

The application for a COA is denied and the appeal is DISMISSED.

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.