**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DRACY LAMONT MCKNEELY,

Defendant - Appellant.

No. 10-1083
(D.C. No. 1:93-CR-00308-MSK-1)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Dracy McKneely appeals the district court's denial of his motion under

Federal Rule of Civil Procedure 59(e), and the purported denial of his motion

under Federal Rule of Appellate Procedure 4(a)(6). We affirm the district court's

denial of McKneely's Rule 59(e) motion as untimely; and because the district

court has not yet ruled on the Rule 4(a)(6) motion, we dismiss that appeal for lack

of jurisdiction.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Dracy McKneely was convicted on December 21, 1993, of possession with intent to distribute approximately 251 grams of crack cocaine. After being sentenced to life imprisonment, he appealed his conviction and sentence, which this court affirmed on November 6, 1995. *See United States v. McKneely*, 69 F.3d 1067 (10th Cir. 1995). He did not petition the Supreme Court for a writ of certiorari.

In April 1997 Mr. McKneely filed a *pro se* motion under 28 U.S.C. § 2255 in the United States District Court for the District of Colorado, seeking relief from the judgment on six grounds. On the same day, his counsel filed a motion under § 2255 raising six additional claims. The district court consolidated the motions. Mr. McKneely raised additional claims in motions filed on June 9, 1997; April 10, 1998; and July 17, 2000. On March 28, 2001, the district court denied all of Mr. McKneely's claims, finding some lacking merit and others time-barred. Mr. McKneely sought appellate review, but this court denied a certificate of appealability. *See United States v. McKneely*, 37 F. App'x 952 (10th Cir. 2002).

On February 27, 2009, Mr. McKneely filed a *pro se* motion under Rule 60(b)(4) seeking to set aside as void the district court's denial of relief. He argued that the court had failed to address some of the claims raised in his § 2255 pleadings. On March 3, 2009, the court denied the motion as untimely, ruling that

Mr. McKneely's unexplained "delay of nearly eight years in seeking review of the order" was unreasonable. R., Vol. 1 at 6.

Five months later, on August 10, 2009, Mr. McKneely filed two motions. The first was a "Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. Rule 59(e)," *id.* at 7, in which he asked the district court to reconsider its denial of his Rule 60(b)(4) motion; to declare void the March 28, 2001, order denying his § 2255 motion; and to rule on those § 2255 claims not addressed by that order. The other was a "Motion to Reopen to Appeal Judgment under Fed. R. App. 4(a)(6)," *id.* at 23, in which he sought to reopen the time to file a notice of appeal of the district court's denial of his Rule 60(b)(4) motion. The court denied the Rule 59(e) motion as untimely on February 26, 2010. To date it has not ruled on the Rule 4(a)(6) motion.

On March 12, 2010, Mr. McKneely filed a notice of appeal of the district court's denial of his Rule 59(e) motion and the alleged denial of his Rule 4(a)(6) motion.

## II.    DISCUSSION

The district court entered its order denying Mr. McKneely's Rule 60(b)(4) motion on March 3, 2009. But Mr. McKneely did not file his Rule 59(e) motion until August 10, more than five months later. At the time of the latter motion, Rule 59(e) provided that a "motion to alter or amend a judgment must be filed no

later than 10 days after the entry of the judgment."[1]  The court ruled that the Rule

59(e) motion was untimely.  We review for an abuse of discretion a district

court's denial of a motion under Rule 59(e), *see Price v. Philpot*, 420 F.3d 1158,

1167 (10th Cir. 2005); and we see no abuse here, *see Pratt v. Petroleum Prod.*

*Mgmt. Inc. Emp. Sav. Plan & Trust*, 920 F.2d 651, 656 (10th Cir. 1990) (district

court lacks jurisdiction to extend the time period contained in Rule 59(e)).  We

therefore affirm the denial.

Mr. McKneely also appeals the purported denial of his Rule 4(a)(6) motion

seeking to reopen the time to file a notice of appeal of the district court's

March 3, 2009, denial of his Rule 60(b)(4) motion.  Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a
> period of 14 days after the date when its order to reopen is entered,
> but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive
> notice under Federal Rule of Civil Procedure 77(d) of the entry of
> the judgment or order sought to be appealed within 21 days after
> entry;
>
> (B) the motion is filed within 180 days after the judgment or
> order is entered or within 14 days after the moving party receives
> notice under Federal Rule of Civil Procedure 77(d) of the entry,
> whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

---

[1]  Effective December 1, 2009, the time to file a Rule 59(e) motion was extended to 28 days after entry of the applicable judgment.  This amendment does not apply to Mr. McKneely's motion; and in any event his Rule 59(e) motion was filed much more than 28 days after entry of judgment.

Mr. McKneely argued in his Rule 4(a)(6) motion that he should be allowed to invoke the Rule because he never received the district court's March 3 order. He claimed that he learned of the denial in the first week of July 2009 after receiving a copy of his docket sheet in response to a letter that he wrote to the clerk of the court in late June 2009 inquiring as to the status of his Rule 60(b)(4) motion.

Although the district court may still have jurisdiction to do so, it has not yet ruled on Mr. McKneely's Rule 4(a)(6) motion. We have jurisdiction to review only final decisions. *See* 28 U.S.C. § 1291. In the absence of an order, there is nothing to appeal. *See Otasco, Inc. v. Mohawk Rubber Co.* (*In re Otasco, Inc.*), 981 F.2d 1166, 1167–68 (10th Cir. 1992) (court of appeals is without jurisdiction to review the purported denial of a motion that the district court has not yet ruled on). We therefore dismiss the appeal of this issue for lack of jurisdiction.

## III.   CONCLUSION

We AFFIRM the district court's denial of Mr. McKneely's Rule 59(e) motion; and we DISMISS for lack of jurisdiction his appeal of the purported denial of his Rule 4(a)(6) motion. We DENY his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-5-