**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DRACY LAMONT McKNEELY,

Defendant-Appellant.

No. 12-1432

(D. of Colo.)

(D.C. No. 1:93-CR-00308-MSK-1)

---

### ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Dracy McKneely appeals from the denial of a Federal Rule of Appellate Procedure 4(a)(6) motion through which he sought to reopen the time to appeal the denial of a Rule 60(b) motion—which was itself an attack on a denial of a § 2255 petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of the Rule 4(a)(6) motion.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

We start with a somewhat complicated procedural background to illustrate the legal issue before us. McKneely was convicted of possession with intent to distribute cocaine in 1994. We affirmed that conviction the following year. *United States v. McKneely*, 69 F.3d 1067 (10th Cir. 1995). McKneely then collaterally attacked his conviction in a 28 U.S.C. § 2255 proceeding. The district court denied relief in 2001 and we affirmed that judgment. *United States v. McKneely*, 37 F. App'x 952 (10th Cir. 2002).

In 2009—eight years after judgment in his § 2255 proceeding— McKneely filed a Federal Rule of Civil Procedure 60(b)(4) motion to set aside the district court's denial of his § 2255 petition. McKneely argued "that the judgment [was] void" (as Rule 60(b)(4) requires) because the district court had supposedly failed to address an ineffective-assistance-of-counsel argument.

Given that Federal Rule of Civil Procedure 60(c)(1) requires such motions to be made "within a reasonable time," and given McKneely's lack of explanation for the eight-year delay, the district court denied McKneely's motion as untimely. The district court filed that order in March 2009. McKneely filed no notice of appeal.

On August 10, 2009, the district court received a motion from McKneely requesting relief under Federal Rule of Appellate Procedure 4(a)(6), which permits the district court to reopen the time for filing a notice of appeal if certain

conditions are met, including specific timeliness conditions. McKneely claimed

he deserved such reopening because he had not received the March 2009 order

until "sometime during the first week of July [2009]." R., Vol. 1 at 247.

McKneely also filed a Federal Rule of Civil Procedure 59(e) motion to alter

or amend the judgment, which was effectively a motion to reconsider the court's

March 2009 order. The district court denied the Rule 59(e) motion as untimely

but said nothing about the Rule 4(a)(6) motion.

McKneely appealed both the denial of his Rule 59(e) motion and the

presumed denial of his Rule 4(a)(6) motion. We affirmed the district court's

conclusion that the Rule 59(e) motion was untimely but dismissed McKneely's

challenge to the Rule 4(a)(6) "denial" because no denial had actually taken

place—and we therefore had no judgment on which to base our jurisdiction.

*United States v. McKneely*, 398 F. App'x 334 (10th Cir. 2010).

On remand, the district court reached McKneely's Rule 4(a)(6) motion and

denied it for untimeliness. The district court took McKneely at his word that he

received the March 2009 order "sometime during the first week of July [2009]"

and assumed that McKneely meant the first full week of July 2009. The district

court further gave McKneely the benefit of the assumption that he received it on

the last day of that week (Saturday, July 11, 2009). Applying the version of Rule

4(a)(6) in effect in 2009, the district court calculated that the seven-day period in

which McKneely was required to file such a motion expired on July 24, 2009 at

the latest.[1]  McKneely dated his motion "2/2/09," which was obviously an impossibility given that it would predate the March 2009 order.  Noting that the envelope in which McKneely's motion arrived was postmarked August 5, 2009, the district court surmised that McKneely meant to write "8/2/09" on his motion, rather than "2/2/09."[2]  Under that supposition, and applying the prison mailbox rule, the court ruled that McKneely's effective filing on August 2, 2009 was late as compared to the July 24, 2009 deadline.  The court therefore denied McKneely's Rule 4(a)(6) motion as untimely.  McKneely now appeals that order.

## II.  Analysis

Denials of Rule 4(a)(6) motions are reviewed for abuse of discretion.  *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 368 (6th Cir. 2007); *Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1069–70 (9th Cir. 2003).  McKneely's Rule 4(a)(6) motion, however, is arguably part of a collateral attack on the March 2009 denial

---

[1] Before December 1, 2009, Rule 4(a)(6) required filing a motion under its auspices within seven days of receiving notice of the entry of an order from which the time to file a notice of appeal has expired.  At the time, the seven-day window was calculated according to the "old" Federal Rule of Appellate Procedure 26, which meant that "seven days" would usually come out to somewhere between nine and thirteen days.  On December 1, 2009, Rule 26 was changed to the "a day is a day" approach and Rule 4(a)(6)'s time limit was set at fourteen days.  That change would not materially alter the district court's analysis, assuming the fourteen-day limit should apply.

[2] Having examined McKneely's motion ourselves, we conclude there is no possibility McKneely meant to write "7/2/09."  McKneely wrote "2/2/09" at three separate locations.  In all three, the first and second digits are plainly the same, and plainly a "2."  *See* R., Vol. 1 at 248–49.

of his Rule 60(b)(4) motion, which was itself a collateral attack on the 2001 denial of his § 2255 petition, which was of course a collateral attack on his drug conviction. The government contends that in this posture, McKneely is actually appealing from a "final order in a proceeding under section 2255," and therefore may not appeal without a certificate of appealability (COA) from this court. *See* 28 U.S.C. § 2253(c)(1), (c)(1)(B).

Some circuits have adopted the essence of the government's argument (and we are aware of none that have rejected it). For example, the Second Circuit holds that a petitioner must obtain a COA when appealing the denial of a Rule 4(a)(6) motion to reopen the time to appeal a § 2255 judgment.[3] *Eltayib v. United States*, 294 F.3d 397, 400 (2d Cir. 2002). But the standard for obtaining a COA is more complicated. The petitioner must first show "that jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 4(a)(6) motion." *Id*. If the petitioner succeeds, then he or she must show that the underlying § 2255 petition meets the usual COA standard, *i.e.*, it raises a substantial question of whether the petitioner was denied a constitutional right. *Id*.

The Third Circuit likewise requires a COA in similar circumstances. In *United States v. Rinaldi*, 447 F.3d 192 (3d Cir. 2006), the petitioner challenged

---

[3] This differs slightly from McKneely's circumstance because he seeks to reopen the time to appeal a Rule 60(b) motion, which itself sought to reopen his § 2255 judgment.

his conviction on direct appeal, then through § 2255, then through a Rule 60(b) motion attacking his § 2255 denial, then through a Rule 59(e) motion seeking reconsideration of his Rule 60(b) denial, then through a Rule 4(a)(6) motion seeking to reopen the time to appeal his Rule 59(e) denial.[4] *Id.* at 193–94. The court held that a petitioner appealing a Rule 4(a)(6) denial must obtain a COA in such circumstances. The court then adapted the Second Circuit's COA standard, requiring the petitioner to show both a colorable claim as to the Rule 4(a)(6) denial and as to the underlying Rule 60(b) denial. *Id.* at 195.

Although the approach set forth in these decisions makes sense as a general matter, the government has not adequately briefed all of the required elements. Assuming we would adopt the Second and Third Circuits' two-step approach (as the government encourages), the government has not countered McKneely's assertions relating to the second step—*i.e.*, that the underlying Rule 60(b) denial was erroneous. Indeed, the government has deemed that issue "outside the scope of this appeal." Aple. Br. at 13.

We conclude it is unwise to adopt the government's COA argument on this record. Nonetheless, the result would be the same whether we adopted it or not. Assuming McKneely needs a COA and we adopted the Second and Third Circuits' approach, McKneely would first need to show a substantial question of whether

---

[4] This course of proceedings substantially mirrors McKneely's except that McKneely filed his Rule 59(e) and Rule 4(a)(6) motions simultaneously, and both were meant to reopen his Rule 60(b) denial.

the district court abused its discretion in denying the Rule 4(a)(6) motion. McKneely's only argument in this regard is to assert by affidavit—for the first time on appeal—that he made a mistake when he said he received the March 2009 denial of his Rule 60(b) motion "sometime during the first week of July [2009]." What he meant to say, he now claims, is that he received it during the first week of August.[5]

This does not cast substantial doubt over the district court's decision. McKneely's affidavit was not in the record below. The district court could not have considered it, and therefore did not err by failing to consider it. We note that about two months after filing his notice of appeal, McKneely filed another Rule 59(e) motion with the district court explaining his alleged August-not-July mistake. *See United States v. McKneely*, Case No. 1:93-cr-00308-MSK-1, Docket #173 (D. Colo., filed Dec. 20, 2012). But on the record before the district court when it denied McKneely's Rule 4(a)(6) motion, there is no substantial question whether the court abused its discretion. And the lack of a substantial question also disposes of McKneely's appeal on the merits, assuming he does not need a COA. We express no opinion about McKneely's second Rule 59(e) motion.

---

[5] His affidavit does not explain why he repeatedly dated the same document "2/2/09." His reply brief asserts that this too "should have been August, 2009." Aplt. Reply Br. at 2.

## III.  Conclusion

McKneely's motion to proceed *in forma pauperis* is GRANTED, but the district court's denial of McKneely's Rule 4(a)(6) motion is AFFIRMED. Appellant's "Motion for Certified Question of Tenth Circuit Law" is DENIED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge