13-2969; 13-3005
In re Mark IV Indus., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

-----------------------------------------------------------
IN RE MARK IV INDUSTRIES, INC.,
-----------------------------------------------------------
GERTRUDE CORETTA FENNELL HAMILTON,

> > *Appellant,*

v.

Nos.  13-2969-bk
13-3005-bk

MARK IV INDUSTRIES, INC.,
> > *Appellee.*[*]
-----------------------------------------------------------

FOR APPELLANT:          Gertrude Corretta Fennell Hamilton, *pro se*, Walterboro, South Carolina.

_____

[*] The Clerk of Court is directed to amend the official captions as shown above.

FOR APPELLEE: James E. Ivester, Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York.

Appeals from judgments of the United States District Court for the Southern District of New York (George B. Daniels, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the district court entered on September 25, 2012, and March 5, 2013, are AFFIRMED.

Pro se appellant Gertrude Coretta Fennell Hamilton appeals from adverse judgments entered by the district court in two bankruptcy appeals docketed in the district court as Nos. 11-Civ-6758 and 12-Civ-3210, as well as from the denial of her motions for reconsideration in each appeal.[1] We assume the parties' familiarity with the underlying facts and history of the prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Dismissal of the Bankruptcy Appeals

"An appeal from a district court's review of a bankruptcy court ruling is subject to plenary review." In re Halstead Energy Corp., 367 F.3d 110, 113 (2d Cir. 2004). We review a bankruptcy court's conclusions of law de novo and its findings of fact under the clearly erroneous standard. See In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003).

---

[1] While Hamilton's notices of appeal to this court might be construed only to challenge denial of reconsideration, we construe them liberally also to challenge the district court rulings for which reconsideration was sought. See Marvin v. Goord, 255 F.3d 40, 42 n.1 (2d Cir. 2001).

a.      No. 11-Civ-6758

In this bankruptcy appeal, Hamilton contested the expungement of her proofs of claim. The district court correctly dismissed this challenge as untimely. Under the Bankruptcy Rules, a notice of appeal "shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from," Fed. R. Bankr. P. 8002(a), although "[t]he bankruptcy judge may extend the time for filing the notice of appeal by any party," id. 8002(c)(1). "[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005) (internal quotation marks omitted). Without procuring any extension, Hamilton filed her notice of appeal from the June 2010 bankruptcy court order disallowing her proofs of claim in August 2011, more than a year beyond the fourteen-day jurisdictional deadline. This part of the appeal was, thus, untimely and properly dismissed.

Hamilton also appealed to the district court the bankruptcy court's orders denying her motions for reconsideration. "A bankruptcy court's denial of a motion to reconsider a disallowed claim is a discretionary decision, reviewed under the familiar and deferential abuse-of-discretion standard." In re Coudert Bros. LLP, 673 F.3d 180, 186 (2d Cir. 2012). The bankruptcy court did not abuse its discretion when it denied Hamilton's motions to reconsider its disallowance of her proofs of claim. Neither motion presented new issues, but, rather, continued to argue the merits of the claims raised in her South Carolina litigation. Accordingly, the district court correctly denied this part of her appeal.

3

b.   No. 12-Civ-3210

Separately, Hamilton appealed to the district court the bankruptcy court's case closing order. The district court dismissed for lack of standing. We have adopted "the general rule . . . that in order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." In re DBSD N. Am., Inc., 634 F.3d 79, 89 (2d Cir. 2011) (internal quotation marks omitted). Pursuant to this rule, we generally grant standing to "creditors . . . appeal[ing] orders of the bankruptcy court disposing of property of the estate because such orders directly affect the creditors' ability to receive payment of their claims." Id. (alteration in original and internal quotation marks omitted). Hamilton, however, cannot establish standing as a creditor of the Mark IV estate because the bankruptcy court disallowed her proofs of claim and her appeal of that decision was untimely. Absent status as a creditor, there is no basis for concluding that Hamilton is "directly and adversely affected pecuniarily" by the bankruptcy court's case closing order. Hamilton's standing in this context is fundamentally contingent on the outcome of her South Carolina litigation, which, having been fully litigated in Mark IV's favor, necessarily precludes standing to challenge the case closing order.

2.   District Court Reconsideration Motions

Whether Hamilton's motion for reconsideration of the district court's orders was properly entertained pursuant to Fed. R. Civ. P. 59 or Fed. R. Bankr. P. 8015, see English-Speaking Union v. Johnson, 353 F.3d 1013, 1020 (D.C. Cir. 2004) (favoring Rule 8015);

4

Butler v. Merchants Bank & Trust Co., 2 F.3d 154, 155 (5th Cir. 1993) (same); but see In re Wilkinson, 923 F.2d 154, 156 (10th Cir. 1991) (permitting either Rule 59 or Rule 8015 motion to toll time for filing bankruptcy appeal notice)—a matter not decided by this court—and whether the standard of review is abuse of discretion, see Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 150 (2d Cir. 2008) (reviewing denial of Rule 59(e) motion for abuse of discretion); In re Fowler, 394 F.3d 1208, 1214–15 (9th Cir. 2005) (reviewing denial of Rule 8015 motion for abuse of discretion), or higher, Hamilton's appeal fails for substantially the reasons stated by the district court in its well-reasoned order denying reconsideration.

We have considered Hamilton's remaining arguments and find them to be without merit. Accordingly, for the reasons stated above, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
